Vina Mae THOMPSON *v.* STATE of Arkansas

CR 90-193                                    813 S.W.2d 249

Supreme Court of Arkansas
Opinion delivered July 1, 1991

*Charles L. Stutte*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant appeals from her conviction for first degree murder sentencing her to life imprisonment. In her appeal, the appellant argues four points of error concerning evidentiary rulings by the trial court. We find no reversible error and therefore affirm.

The appellant and the victim, William Craig Barker, had an off-and-on relationship for approximately eight years. All of the witnesses agreed that they often fought. Throughout her trial, the appellant admitted shooting Barker, but she contended that she did so in self-defense. According to the appellant's account, she and Barker had been fighting on the day of the shooting. Around 3:00 p.m., the appellant, after having visited with her mother, returned to Barker's sister's house where he was alone cooking beans.

Appellant recounts that Barker yelled at her and called her names for being late and accused her of being with her ex-husband. He then allegedly grabbed her and shoved her into the

stove. Appellant testified that Barker told her, "You, bitch, you're finally going (to) get what you deserve." At this time, Barker went to the drawer and started pulling something out. Appellant stated that her first thought was that it was a gun and all that she could see was the handle as he was pulling it out. The only weapon the police found at the scene was a butcher knife. Appellant claimed that she shot at Barker, and continued shooting as he came towards her and until he went out the door. Barker died later at the hospital from four gunshot wounds. The medical examiner testified that the majority of these bullets were in the victim's back.

The appellant's first two points concern the admissibility of two statements made by Barker after he was shot. The trial court admitted into evidence, as a dying declaration hearsay exception, Barker's statement, "Vana Thompson shot me," but refused to admit into evidence under the same exception, Barker's statement "Don't do anything to harm Vina."[1] In order to qualify as a dying declaration under A.R.E. Rule 804, the statement must be made by a declarant while believing that his death was imminent, and it must concern the cause or circumstances of what he believed to be his impending death. *See Boone* v. *State*, 282 Ark. 274, 668 S.W.2d 17 (1984). We have held that the trial judge determines whether evidence is admissible, and on review, we reverse the decision only if there is an abuse of discretion. *See, e.g., Marx* v. *State*, 291 Ark. 325, 724 S.W.2d 456 (1987).

We first address the appellant's argument that the trial court erred in not admitting into evidence Barker's statement that he did not want anything to harm appellant. As noted above, the appellant based her argument for admissibility on the dying declaration hearsay exception. Clearly, this statement does not fall within this hearsay exception because it in no way concerned or described the cause or circumstances of the declarant's impending death. Accordingly, the trial court was correct in excluding this statement.

We next consider the appellant's alternative argument

---

[1] Paramedic William Layman who heard Barker's statement testified that he thought Barker said Vana and not Vina shot him, but admitted that he had to get low to the ground to hear because of all the commotion going on.

that the trial court committed reversible error in admitting into evidence Baker's other statement as a dying declaration, viz., that the appellant shot him. Appellant discusses in some detail that this statement was inadmissible as a dying declaration because no showing was made that Barker believed his death was imminent when he made it. While we could refer to evidence that runs counter to appellant's position on this point, we find it unnecessary to do so because even if we could agree with the appellant's argument, the trial court's admission of Barker's statement into evidence would be harmless error.

From the outset of appellant's trial, she never denied that she shot Barker. As we have previously stated, appellant conceded she shot Barker, but she did so in self-defense. During voir dire of the jury, appellant's counsel told the jurors that appellant would take the stand and further advised them that she had fired the gun that killed Barker. In addition, state's witness Detective Steven Coppingner testified without objection that "it was made known to us through other emergency service personnel that Mr. Barker had named his assailant, and it was from that information that we started looking for Vina Mae Thompson." And finally, the appellant, in her own case-in-chief, testified that she shot Barker in self-defense, thus confirming what her counsel had told the jury members earlier in voir dire. This court has held that a trial court's error in admitting evidence is harmless where the same evidence has been introduced by other witnesses and was properly before the jury for its consideration. *Orr* v. *State*, 288 Ark. 118, 703 S.W.2d 438 (1986). In light of the foregoing, we conclude no reversible error ensued from the trial court's admitting Barker's second statement even if that statement failed to meet the requirements of a dying declaration.

■ Next, we address the appellant's argument that the trial judge erred in refusing to allow the appellant to introduce foundation testimony for the battered woman's syndrome defense without first committing to calling expert witnesses on the subject. After the appellant testified that she had been sexually abused when she was eleven years old by her little brother's father, the state objected to the relevancy of this evidence. The trial judge ruled that unless the appellant's attorney intended to offer expert opinion evidence on the battered woman's syndrome defense, the evidence would not be relevant. Appellant's counsel

responded that he did not know if he would call an expert because it depended upon how appellant's testimony went. Counsel made no proffer on appellant's foundation testimony pertaining to the battered woman's syndrome defense, nor did he proffer what the expert testimony might be. Thus, we summarily dismiss the appellant's argument on this point because appellant failed to proffer such testimonies. This court has held numerous times that where error is assigned in the refusal of the court to hear testimony of a witness, the record must disclose the substance or purport of the offered testimony, so that this court may determine whether or not its rejection was prejudicial. *See, e.g., Orr*, 288 Ark. 118, 703 S.W.2d 438.

Finally, the appellant argues that the trial court erred in limiting testimony showing the victim's violent character to one year before the shooting. Under A.R.E. Rule 405(b), in cases in which character or a trait of character of a person is an essential element of a charge, claim or defense, proof may be made of specific instances of his conduct. Again, the appellant asserted a self-defense theory at her trial, and we have held that evidence of a victim's violent character is relevant to the issue of who was the aggressor and whether or not the accused reasonably believed he was in danger of suffering unlawful deadly physical force. *Smith v. State*, 273 Ark. 47, 616 S.W.2d 14 (1981). Thus, as an essential element of her defense, appellant clearly had the right to introduce specific instances of Barker's violent character that were directed at her or within her knowledge. *See Halfacre v. State*, 277 Ark. 168, 639 S.W.2d 734 (1982).

Appellant's mother testified concerning the brutality Barker inflicted upon the appellant. The mother related her observations of the bruises, black eyes and split lips her daughter exhibited from fights with Barker. Appellant made no proffer of testimony concerning specific acts of violence that had occurred more than one year prior to Barker's death. As a consequence, we have no way of knowing if the alleged acts of Barker in those other years were different from or merely cumulative to those acts already described by appellant's mother. Appellant did relate Barker's violent acts against her which included physical and sexual abuse as well as threats with a gun that Barker kept on his person at all times. Besides this testimony, Jackie Post, an emergency room nurse, testified that when she asked the appellant why she did it,

appellant replied Barker had hurt her a lot of times.

In sum, appellant proffered no testimony of specific acts that extended over the entire period of appellant's relationship with Barker. While there is no arbitrary point in time as to when a recital of such acts may prove needlessly repetitive, we conclude that, based upon the cumulative nature of the evidence presented here, we cannot say the trial court abused its discretion in limiting such evidence as it did. *See Lee* v. *State*, 266 Ark. 870, 587 S.W.2d 78 (1979); A.R.E. Rule 403.

For the reasons stated above, we affirm. Pursuant to Ark. Sup. Ct. R. 11(f), we have reviewed the record for rulings made adversely to the appellant, and find no reversible error.