

# SUPREME COURT OF ARKANSAS

No. CR–13–927

| | |
|---|---|
| STATE OF ARKANSAS<br>APPELLANT | **Opinion Delivered** June 26, 2014 |
| V. | APPEAL FROM THE MISSISSIPPI COUNTY CIRCUIT COURT, [NO. 47CR-2009-193] |
| SHAWN TREVELL RAINER<br>APPELLEE | HONORABLE JOHN N. FOGLEMAN, JUDGE |
| | REVERSED. |

**COURTNEY HUDSON GOODSON, Associate Justice**

The State appeals a Mississippi County Circuit Court decision granting Shawn Trevell Rainer's petition for a new trial based on Arkansas Rule of Criminal Procedure 37. The circuit court granted a new trial based on its belief that, at trial, it had incorrectly excluded evidence pertinent to Rainer's defense of accident. For reversal, the State contends that the circuit court clearly erred in finding that Rainer's trial counsel was ineffective for failing to renew a challenge to the circuit court's decision granting the State's pretrial motion in limine regarding certain evidence of the victim's prior acts of violence. In addition, the State contends that the circuit court's failure to record the pretrial hearing on the motion in limine does not amount to a due-process violation that would render Rainer's judgment of conviction void. As a threshold matter, we consider whether the State has properly brought its appeal pursuant to Ark. R. App. P.—Crim. 3 (2007). *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007). We have held that because Rule 37 petitions are civil in nature, the State

is not required to satisfy Rule 3. *Id*. In order to prevail on a Rule 37 petition, the petitioner must demonstrate that trial counsel was ineffective for not advancing a meritorious argument. Because the circuit court's initial decision to exclude the evidence was not in error, we must reverse the grant of postconviction relief.

The State charged Rainer with first-degree murder for the death of Takina Douglas, who died as a result of a single stab wound to the chest. A jury convicted Rainer of second-degree murder and sentenced him to eighty years' imprisonment in the Arkansas Department of Correction. The Arkansas Court of Appeals affirmed his conviction. *Rainer v. State*, 2012 Ark. App. 588. Subsequently, Rainer filed a motion for postconviction relief, alleging two points: (1) trial counsel was ineffective for failing to appeal a pretrial ruling granting the State's motion in limine to prohibit Rainer from mentioning that the victim had previously stabbed Rainer with a knife and had been involved in other altercations involving knives; and (2) trial counsel was ineffective for failing to object when the case was presented as involving a "serious violent offender," despite the fact that Rainer had been charged as a "small habitual offender."

With regard to his first point, Rainer contended that his trial counsel's failure to appeal the trial court's ruling granting the State's motion in limine was ineffective assistance because it "denied petitioner due process and a fair opportunity to present a complete defense." Additionally, Rainer contended that the trial court's ruling resulted in prejudice because the testimony would have been relevant to show that the victim often used knives; made his theory, that the victim tripped and fell and stabbed herself, more likely; and, it would have

shown why the victim had a knife in the first place. Finally, Rainer asserted that the failure to appeal the circuit court's ruling excluding the evidence constituted ineffective assistance because it denied him due process and a fair opportunity to defend against the State's accusations.

During a hearing on Rainer's Rule 37 petition, Rainer pointed out that the pretrial motion-in-limine hearing had not been not recorded. Consequently, the circuit court made a "bystander's affidavit" in an attempt to recreate what had occurred during the hearing. Trial counsel testified that, prior to trial, he had notified the prosecuting attorney that he intended to call two City of Gosnell police officers to testify about three prior incarcerations of the victim, all of which involved knife violence. Trial counsel testified that he intended to use that evidence to show that it was not outside the victim's character to stab people or to have a knife. In addition, trial counsel sought to introduce testimony that the victim had stabbed Rainer previously but was not prosecuted because Rainer would not cooperate. According to trial counsel, either the day of or the day before trial, the prosecutor filed a motion in limine regarding testimony concerning the victim's history of knife violence. Trial counsel testified that he did not have time to prepare a written response, but he did respond orally to the motion and the case was continued. Trial counsel further testified that during the pretrial hearing, the circuit court excluded the testimony under Arkansas Rule of Evidence 404 and ruled that he could not use the victim's criminal history to support Rainer's defense of accident.

The circuit court then asked the prosecutor about the "level of detail" that trial counsel

had provided regarding the victim's prior offenses. The prosecutor testified that "one had to do with a prior case that actually we had on her for stabbing Mr. Rainer." The prosecutor could not remember the details of the other cases. Trial counsel testified that he felt "confident that [he] would have given the Court the details, especially knowing the odds of the Court ruling against [him] that day."

In addition, trial counsel testified that he did not appeal on that issue because, "I thought there was a transcript, a more detailed transcript. . . .Truthfully, I didn't realize there wasn't a record on it until the transcript came back." Trial counsel testified that because there was no record on the motion-in-limine argument, he did not include it in the appeal. Rainer testified that he was "not around at the hearing when the record was supplemented."

After the circuit court had created the "bystander's affidavit," Rainer argued that the court erred in excluding the evidence of the victim's prior acts of knife violence and that the evidence was admissible under Arkansas Rules of Evidence 401, 402, 403, 404, and 406. He contended that these specific instances of the victim's conduct were relevant, explained why she had a knife, and were necessary for his defense. Rainer requested that the circuit court grant him a new trial pursuant to Rule 37. The State responded that the evidence of the victim's prior bad acts "still has to be relevant to the defense." The State asserted that the evidence of the victim's prior use of knives was not relevant because Rainer was not claiming self-defense, instead, he was claiming that the victim "had a knife in her hand, tripped and fell on the knife." The State asserted that "her reason for having the knife I think is irrelevant to the defense of accident." Rainer acknowledged that his defense was accident, but he argued

4

that the victim's "own propensity to have knives, to use knives explains the whole crime, alleged crime, that there was no crime, it was an accidental death." When asked how this issue "fit within Rule 37," Rainer replied that "defense counsel did not appeal that issue. There was no record to appeal it because the record wasn't made." At that point, the circuit court stated that the responsibility to make a record falls on the court. Rainer then orally amended his petition to say "it's a straight process issue because now we know why it wasn't appealed, there was no record on it."

The circuit court announced from the bench that it would grant the motion for a new trial because, "at the very least, the prior incident between the two, I would have allowed into evidence had it been fresh on my mind and it had not been presented in the way it was presented." In addition, the circuit court stated:

> I don't know that [trial counsel] was ineffective for not appealing my ruling, even had there been a record because frankly the Supreme Court and the Court of Appeals on those kinds of issues give such deference to the trial court. However, of course, that doesn't at least end it. There is a question of having a fair trial. . . . And in reviewing it I remember how I was on the borderline of granting a directed verdict in regard to second-degree murder because I wasn't sure there was sufficient proof to meet the elements of second-degree murder at the time. Now, the Court of Appeals apparently had no problem with that, but I was troubled by it. And I have to believe that had the motion been made on the record and had it been fresh on my mind [I] would have, I don't know for certain that I would have allowed it in evidence. . . . If trial counsel made a mistake, it was in not renewing the motion after I've heard testimony where it's in my mind where I could properly weigh it.

After this oral pronouncement, the circuit court entered a written order granting Rainer's petition for Rule 37 relief and granting him a new trial. In its written order, the circuit court acknowledged that the court has a duty under Administrative Order No. 4 to record trial proceedings. The circuit court also noted that the record was supplemented at the

5

Rule 37 hearing with the testimony of trial counsel, the prosecutor, and the recollections of the trial court. The circuit court concluded that at the end of the State's case, "the motion should have been renewed because the context was more apparent, and the court likely would have granted it." Finally, the circuit court concluded that the testimony regarding the victim's propensity to use knives was likely more relevant than prejudicial and "likely would have come in under A.R.E. 403." The circuit court granted Rainer's petition for Rule 37 relief on the basis that he was "denied a fair trial" because of the failure to record the pretrial motion–in–limine hearing. The circuit court ruled that the second issue, regarding Rainer's status as a "small habitual offender," was moot.

On appeal, the State contends that the circuit court's grant of Rainer's petition was clearly erroneous because the "alleged incorrectness of the evidentiary ruling," does not reach the level sufficient to render the judgment a complete nullity. In addition, the State asserts that Rainer "has not shown that counsel's representation was ineffective; rather, what he has shown is that the trial court decided that it had made an error in excluding the evidence." Further, the State maintains that a petitioner seeking postconviction relief on an ineffective-assistance claim due to the failure to make a motion or an objection must show that "counsel could have made a successful argument in order to demonstrate. . . prejudice." Finally, the State contends that even questions of constitutional dimension must be raised in the trial court in accordance with the controlling procedural rules, unless they are so fundamental as to void the judgment entirely. Thus, the State argues that because Rainer has failed to identify any fundamental ground sufficient to void his judgment and conviction, the circuit court clearly

SLIP OPINION

erred in granting his postconviction petition.

We do not reverse the grant or denial of postconviction relief unless the trial court's findings are clearly erroneous. *Barrett, supra* (citing *Greene v. State*, 356 Ark. 59, 146 S.W.3d 871 (2004)). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

On review, we assess the effectiveness of counsel under the two-prong standard set forth by the Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984). *Springs v. State*, 2012 Ark. 87, 387 S.W.3d 143. In asserting ineffective assistance of counsel under *Strickland*, the petitioner must show that counsel's performance was deficient. *Williams v. State*, 2011 Ark. 489, 385 S.W.3d 228. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the petitioner by the Sixth Amendment. *Id.* The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Scott v. State*, 2012 Ark. 199. The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Id.*

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's deficient performance prejudiced the defense, which requires showing that counsel's

errors were so serious as to deprive the petitioner of a fair trial. *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189. In doing so, the petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Adams v. State*, 2013 Ark. 174. There is no reason for a court deciding an ineffective-assistance claim to address both components of the inquiry if the defendant makes an insufficient showing on one. *Springs*, *supra.*

Where it is asserted that counsel was ineffective for failure to make a motion or argument, the petitioner must show that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel. *Mitchell v. State*, 2012 Ark. 242. During Rainer's trial, the circuit court excluded evidence of the victim's prior bad acts involving knife violence. After the Rule 37 hearing, the circuit court concluded that the specific instances of the victim's prior bad acts were "probably more relevant than prejudicial and likely would have come in under [Rule] 403." The circuit court's decision to grant Rainer a new trial was based, in part, on its determination that the evidentiary ruling made at trial was erroneous.

Proof of the victim's character by specific instances of conduct is governed by our Rules of Evidence. We have acknowledged that proof of a victim's character by specific instances of conduct is admissible in cases in which character or a trait of character is an essential element of a charge, claim or defense. *Solomon v. State*, 323 Ark. 178, 913 S.W.2d

8

288 (1996) (citing Arkansas Rule of Evidence 405(b)).[1] Such a character trait must be "an operative fact which under substantive law determines the rights and liabilities of the parties." *McClellan v. State*, 264 Ark. 223, 226, 570 S.W.2d 278, 280 (1978). In addition, we have previously recognized that a victim's violent character is not an essential element of the murder charge or of the defense of accident. *Thompson v. State*, 306 Ark. 193, 813 S.W.2d 249 (1991).

In the present case, Rainer sought to use the proffered testimony regarding three specific instances of the victim's knife violence circumstantially, as evidence of accident, rather than as evidence on a direct substantive issue. Therefore, the evidence of specific instances of the victim's prior knife violence were properly excluded during Rainer's trial. The circuit court's indication that it might have been willing to reconsider its ruling, had trial counsel renewed the issue, during trial is of no moment. The standard this court considers is whether the argument or issue would have been meritorious. *Mitchell*, *supra*. Here, the specific evidence of the victim's prior conduct was not relevant because Rainer's defense was accident and the circuit court clearly erred in concluding otherwise in its order granting Rainer's

---

[1]In *Solomon*, the appellant argued that specific instances of the victim's prior acts of violence were *relevant* to the defense of accident and we rejected that argument. This court did not address any arguments regarding the admissibility of specific instances of conduct pursuant to Rule 404. Rather, we stated that, "[e]ven assuming . . . the excluded evidence was admissible under Rule 404, it was not admissible under Ark. R. Evid. 405, which governs methods of proving character." *Solomon*, 323 Ark. at 185, 913 S.W.2d at 292. The principle of law that specific instances of a victim's prior acts of violence are not relevant to a defense of accident controls, not the disposition of the case.

SLIP OPINION

postconviction petition.[2]

Furthermore, there is no requirement that a defendant renew an objection to a motion in limine in order to preserve the issue for appeal. *See, e.g.*, *Neal v. State*, 320 Ark. 489, 898 S.W.2d 440 (1995). Here, trial counsel raised the issue to the trial court by challenging the motion in limine and, consequently, cannot be ineffective for failing to raise the issue at trial. Moreover, trial counsel cannot be said to be ineffective for failing to preserve the issue for appeal because there is no requirement that a challenge to a motion in limine be renewed in order to preserve the issue for appeal. The dissent's conclusion that the failure to renew the motion in limine is a sufficient basis for finding ineffective assistance requires this court to accept that trial counsel can be ineffective for properly challenging a motion during trial and

---

[2]Unlike the dissent, we have no hesitation in concluding that the State made the argument that the specific instances of the victim's conduct were not relevant to Rainer's defense of accident during the Rule 37 hearing. The dissent specifically takes issue with the fact that Rule 405 was not explicitly mentioned. However, the specific ground of an objection must be stated *"if the specific ground was not apparent from the context."* Ark. R. Evid. 103(a)(1) (emphasis added). In *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000), we rejected the State's contention that the appellant failed to preserve an argument based on Rule 404(b) because his objections at trial were premised solely on the admissibility of the evidence under Rules 402 and 403. We found that because the appellant contended that the admission of evidence would require him to defend against uncharged crimes, an argument based on Rule 404(b) was apparent from the context. Here, the State clearly argued that the proffered evidence of specific instances of the victim's conduct were not relevant to the defense of accident. The State's 405 argument regarding the use of specific instances of the victim's conduct is apparent from the context. In addition, the circuit court ruled that the evidence was relevant under Rule 403. The circuit court's relevancy ruling is clearly erroneous because specific instances of the victim's conduct are not relevant or probative to prove a defense of accident. On appeal, the State maintains that Rainer's petition does not show that trial counsel was ineffective; rather, the order granting his petition shows that the circuit court reconsidered an evidentiary ruling. Thus, we are not making the State's argument on this point. The State has presented the argument that the evidence was not relevant and that the circuit court erred in granting a petition for postconviction relief on that basis.

10

preserving an argument for appeal. This we will not do. Trial counsel's decision not to renew his objection to the motion in limine during Rainer's trial did not fall below an objective standard of reasonableness, *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam), and was not deficient under the first *Strickland* prong.[3]

During the Rule 37 hearing, Rainer argued that trial counsel was ineffective because he did not appeal the circuit court's failure to record the pretrial motion-in-limine hearing and contended that the failure to record the hearing was a due-process violation. The circuit court agreed with Rainer's failure to appeal argument as well as his due-process argument. On appeal, the State contends that the circuit court clearly erred because an argument based on the "alleged incorrectness" of an evidentiary ruling is not sufficient to render the judgment a complete nullity, and it should not be considered in a collateral attack on the judgment rendered at trial.

---

[3]The dissent states that "[c]learly, Rainer's counsel's failure to renew his challenge to the State's motion in limine was the issue," in this case and that the circuit court made it very clear that its decision to grant Rainer's Rule 37 petition was not "based on its reconsideration of an evidentiary ruling." Yet, the dissent also chastises that the "State's assertion that trial counsel's failure to renew his motion in limine was a matter of trial strategy was neither raised nor ruled upon by the circuit court." However, the written order in this case clearly states, in relevant part:

> 3. At the conclusion of the state's case, the motion should have been renewed because the context was more apparent, and the court likely would have granted it.
> 4. The testimony about the alleged victim having a propensity to use knives and to have previously stabbed defendant, too, on balance was probably more relevant than prejudicial and likely would have come in under A.R.E. 403.

Thus, it is clear that the circuit court ruled that a challenge to the motion in limine should have been renewed and that the circuit court also reconsidered its evidentiary ruling. Moreover, before this court, the State argues that "the trial court's ruling that counsel's failure to renew his motion at trial completely ignores counsel's routine expectation at trial: that he had the option to appeal the ruling in the direct appeal."

11

Generally, Rule 37 does not provide a remedy when an issue could have been raised at trial or argued on appeal. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006) (citing *Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001)). Stated another way, it is not appropriate to raise trial errors, including constitutional errors, for the first time in a Rule 37 proceeding. *See Rowbottom v. State*, 341 Ark. 33, 13 S.W.3d 904 (2000); *Finley v. State*, 295 Ark. 357, 748 S.W.2d 643 (1988). However, there is an exception to this general rule for errors that are so fundamental as to render the judgment of conviction void and subject to collateral attack. *Rowbottom*, 341 Ark. at 37, 13 S.W.3d at 906 (double-jeopardy claim was a fundamental claim that appellant could raise for the first time in Rule 37 proceedings); *see also Collins v. State*, 324 Ark. 322, 920 S.W.2d 846 (1996) (right to twelve-member jury is such a fundamental right that it could be raised for the first time in a Rule 37 proceeding); *Jeffers v. State*, 301 Ark. 590, 591, 786 S.W.2d 114, 114 (1990) ("ground sufficient to void a conviction must be one so basic that it renders the judgment a complete nullity, [as,] for example, a judgment obtained in a court lacking jurisdiction to try the accused. . . ."); *Miller v. State*, 239 Ark. 836, 394 S.W.2d 601 (1965) (holding on direct appeal that the prosecuting attorney improperly commented on the defendant's failure to testify and thereby violated defendant's rights); *Swagger v. State*, 227 Ark. 45, 296 S.W.2d 204 (1956) (holding that the trial court's acceptance of a plea of guilty without the defendant having benefit of counsel violated the defendant's rights under the Fourteenth Amendment).

In *Howard*, this court held that alleged prosecutorial misconduct is an issue that should have been raised on direct appeal and is not a claim that may be raised for the first time in a

12

Rule 37 petition. Likewise, we have acknowledged that erroneous rulings by the trial court on admissibility of evidence can be raised at trial or on direct appeal. *Rowbottom*, *supra*. This court has previously held that the allegation of a due-process violation based on alleged trial error regarding the admissibility of evidence is not cognizable in Rule 37.1 proceedings. *Green v. State*, 2013 Ark. 455 (citing *Davis v. State*, 2013 Ark. 118 (per curiam)). Assertions of trial error, even those of constitutional dimension, must be raised at trial and on appeal. *Watson v. State*, 2012 Ark. 27 (per curiam).

The petitioner who claims that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. *Moore v. State*, 2011 Ark. 269 (per curiam); *Howard*, *supra*. Counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria. The petitioner must show that there could have been a specific issue raised on appeal that would have resulted in the appellate court's declaring reversible error. *Walton v. State*, 2013 Ark. 254. It is petitioner's responsibility to establish that "the issue was raised at trial, *that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief*." *Id*. at 6 (emphasis added).

Initially we note that Rainer has failed to establish that trial counsel could not have raised the circuit court's failure to record the motion-in-limine hearing on direct appeal. Arkansas Rule of Appellate Procedure–Civil 6 allows the appellant to prepare a statement of the evidence or proceedings from the best means available, including his recollection, if no

13

report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable. Ark. R. App. P.–Civ. 6(d).[4] However, were we to assume that the failure to record the motion-in-limine hearing could not have been raised on direct appeal, we would still conclude that Rainer has failed to show prejudice from counsel's decision not to raise the issue. To reiterate, specific instances of conduct are admissible only in cases in which character or a trait of character is an essential element of a charge, claim or defense. *Solomon*, *supra*. Where a defendant is claiming accident, specific instances of the victim's character for violence are simply irrelevant and inadmissible. *See, e.g.*, *Thompson*, *supra*. Rainer cannot show that the circuit court erred in its ruling or that the evidentiary ruling would have been sufficient to merit appellate relief.[5] While we commend the circuit judge for desiring to take responsibility for a perceived error, his initial ruling was actually correct because the proposed testimony was not admissible. Therefore, there is no basis on which to grant postconviction relief.

Next, we address Rainer's contention that he is entitled to a new trial because the failure to record the motion-in-limine hearing constituted a due-process violation. Where the existing record is sufficient to permit a review for errors prejudicial to the rights of the appellant, this court will not order a new trial. *Scott v. State*, 355 Ark. 485, 491, 139 S.W.3d

---

[4]The dissent fails to acknowledge the basic principle that Rule 37 does not provide a remedy when an issue could have been raised at trial or argued on appeal. At no point does the dissent explain how Rainer was prevented from appealing the circuit court's motion-in-limine ruling.

[5]The circuit court recognized that trial counsel was not ineffective for failing to appeal the ruling on the State's motion in limine.

511, 515 (2003) ("[W]hile we agree that there is a preference for a complete record, a full and complete record is not necessarily required where the existing record is sufficient for us to perform a review for errors prejudicial to the rights of the appellant."). In order for an issue that was not raised at trial or on direct appeal to provide a basis for Rule 37 relief, the error alleged must be so fundamental as to render the judgment of conviction void and subject to collateral attack. *Rowbottom, supra.* We do not have such a situation here. The circuit court's failure to record the pretrial hearing does not amount to an error so serious as to render the judgment of conviction void. The record has already been properly supplemented in order to recreate the motion–in–limine hearing, and reflects that Rainer suffered no prejudice as a result of the circuit court's ruling.

Finally, because the circuit court granted relief on the first point in Rainer's petition, it ruled that the second point was moot. As we have said on numerous occasions, the failure to obtain a ruling below bars review of the issue on appeal. *Ford v. Ark. Game & Fish Comm'n*, 335 Ark. 245, 979 S.W.2d 897 (1998) (holding that a trial court's decision that an issue was moot is not a ruling for purposes of appeal); *see also Jackson v. State*, 334 Ark. 406, 976 S.W.2d 370 (1998); *Higginbotham v. Junction City Sch. Dist.*, 332 Ark. 556, 966 S.W.2d 877 (1998). It is the obligation of an appellant to obtain a ruling from the trial court in order to preserve an issue for appellate review. *Strain v. State*, 2012 Ark. 184, 423 S.W.3d 1 (finding that a request that the trial court modify its order to include an omitted issue is not a request for a rehearing that is prohibited by our rules); *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144; *Beshears v. State*, 340 Ark. 70, 8 S.W.3d 32 (2000); *Huddleston v. State*, 347 Ark. 226,

61 S.W.3d 163 (2001). Thus, we need not reach the merits of Rainer's second point in his petition concerning trial counsel's failure to object to the "serious violent offender" designation because the trial court did not rule on that issue below.

Reversed.

DANIELSON, J., concurs.

HANNAH, C.J., and BAKER and HART, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, dissenting.** In reversing the circuit court's grant of a new trial in this case, the majority demonstrates a lack of understanding of the circuit court's ruling. A new trial was not ordered because the circuit court decided that it had incorrectly excluded evidence—that was not one of the circuit court's eight findings of fact and conclusions of law. A new trial was ordered because the circuit court found that Rainer's trial counsel was ineffective because he failed to renew his challenge to the circuit court's ruling on a motion in limine after the State had presented its case and the circuit court was able to properly balance prejudice against probative value of the proffered evidence. In reversing, the majority fails to properly apply the standard of review and makes arguments for the appellant that were neither raised to nor ruled on by the circuit court, and are not raised on appeal. I dissent.

The circuit court found persuasive Rainer's argument that he had not received a fair trial. It recalled that the case was extremely close. Further, the circuit court stated that, given the context of Rainer's defense, if Rainer's trial counsel, Bill Stanley, had renewed his opposition to the State's motion in limine at trial, "I don't really have any doubt that I would

have at least allowed the prior [stabbing] incident involving the two of them." In its written

order, the circuit court made the following findings of fact and conclusions of law:

> 1. No proper record was made of the motion in limine where evidence was ruled out in a pretrial conference in chambers about a year before trial. That violates Administrative Order No. 4 because the court had a duty to have it on the record. No lawyer requested it be on the record.
>
> 2. By agreement of the parties, the record was supplemented at the hearing with the testimony of defense counsel, the prosecutor, and the recollection of the court. This was a de facto "bystanders's affidavit" where the court heard about three other incidents, one of which involved the alleged victim stabbing the defendant where he was hospitalized. There is a dispute, but it appears that he requested the state not to prosecute her for that.
>
> 3. At the conclusion of the state's case, the motion should have been renewed because the context was more apparent, and the court likely would have granted it.
> 4. The testimony about the alleged victim having a propensity to use knives and to have previously stabbed defendant, too, on balance was probably more relevant than prejudicial and likely would have come in under A.R.E. 403. (In any retrial, the scope of other such evidence is subject to review at retrial.)
>
> 5. Defendant argues that this denied him due process and a fair trial in violation of the constitutions. Rule 37.1(a)(I).
>
> 6. The testimony in the case was close, and the court almost granted a directed verdict, but did not.
>
> 7. As a result, the court finds defendant was denied a fair trial on Ground 1, and a new trial is granted. Rule 37.4.
>
> 8. Ground 2 is moot.

Our standard of review in Rule 37 appeals has been clearly established.[6] We do not

---

[1]In reversing the circuit court the majority relies on *Mitchell v. State*, 2012 Ark. 242. The majority claims that *Mitchell* stands for the proposition that "the circuit court's indication that it might have been willing to reconsider its ruling had the trial counsel renewed the issue during trial is of no moment. The standard this court considers is whether the issue would have been meritorious." The majority is wrong. In *Mitchell,* this court affirmed a circuit court's decision to summarily deny a prisoner's Rule 37 petition without an evidentiary

SLIP OPINION

reverse the grant of postconviction relief unless the trial court's findings are clearly erroneous. *State v. Barrett*, 371 Ark. 91, 263 S.W.3d 542 (2007). A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Id*. In making a determination on a claim of ineffectiveness of counsel, the totality of the evidence before the fact-finder must be considered. *Id*. Furthermore, we defer to the trial court's determination of credibility on Rule 37.1 appeals. *Id*.

Here, the State is the appellant and Rainer is the appellee. A basic rule of appellate issue preservation provides that an appellant is bound by the scope and the nature of arguments that it made to the circuit court, *Riley v. State*, 2012 Ark. 462, and failure to get a ruling from the circuit court bars an appellant from raising that argument on appeal. *Norris v. State*, 2013 Ark. 205, ___ S.W.3d ____.

The majority correctly notes that in creating the bystander's affidavit, it was established that, in the hearing on the State's motion in limine, "the circuit court excluded the testimony [about Douglas's prior bad acts] under Arkansas Rule of Evidence 404." The majority also correctly notes that in the Rule 37 hearing, Rainer's postconviction counsel asserted that the evidence of Douglas's history of knife violence was admissible under "Arkansas Rules of

---

hearing, pursuant to Rule 37.3(a) of the Rules of Criminal Procedure. The *Mitchell* court noted that because Mitchell's petition contained only "conclusory" allegations that were not supported by specific facts as required by Rule 37, the circuit court did not clearly err in denying postconviction relief without looking beyond the face of the petition. The *Mitchell* court held, "Bare assertions of ineffectiveness are not enough. Conclusory statements that counsel was ineffective will not sustain a Rule 37 petition." Thus, the majority's reliance on *Mitchell* is misplaced.

Evidence 401, 402, 403, 404, and 406." However, in reversing the circuit court's grant of Rule 37 relief, the majority finds that the circuit court's finding that it would have admitted the evidence is wrong because the evidence was not admissible under Arkansas Rule of Evidence 405.

The record reveals that the State never mentioned Rule 405 at the Rule 37 hearing. In addressing the admissibility of Douglas's prior violent use of a knife, the State only argued relevance, which implicates Arkansas Rules of Evidence 401 and 402, and "prior bad acts," which involves Rule 404 subject to Rule 403 balancing. Having never mentioned Rule 405 to the circuit court, the State neither got a ruling on the issue nor has the State made a Rule 405 argument on appeal. Accordingly, the majority has violated the most basic of Arkansas appellate court principles—we do not make the appellant's argument. *See, e.g.*, *McDaniels v. State*, 2012 Ark. App. 219. Here the majority reverses on an issue that was never mentioned, much less ruled on by the circuit court, and that is not argued on appeal.

Furthermore, the majority misunderstands the purpose of Rule 405. It is not a rule that governs either exclusion or admission of character evidence—those decisions are governed by Rule 404. Rather, as title indicates, Rule 405 governs only the methods of proving character. Accordingly, the majority abandons logic when it claims that *Solomon* establishes a "principle of law" that under Rule 405(b), "specific instances of a victim's prior acts of violence are not relevant to a defense of accident."

The majority further errs in its review of the circuit court's finding that evidence of Douglas's prior bad acts would have been admitted under Rules 404(b) and 403 of the

19

Arkansas Rules of Evidence, had Rainer's trial counsel sought to introduce the evidence at trial. The majority correctly notes that, pursuant to the State's motion in limine, "the circuit court excluded the testimony [about Douglas prior bad acts] under Arkansas Rule of Evidence 404." Further, the circuit court found that had Rainer's trial counsel renewed his challenge to the motion in limine it would have reversed the earlier ruling after the State presented its case because, at that time, when the context was more apparent, the circuit court would have ruled that Douglas's prior bad acts were more probative than prejudicial. Yet, the majority cites as its authority for reversing the circuit court *Solomon v. State*, 323 Ark. 178, 913 S.W.2d 288 (1996), in which this court *affirmed* a circuit court's exercise of discretion excluding evidence.

In *Solomon*, the appellant argued, unsuccessfully, that the proffered evidence, which the circuit court apparently excluded pursuant to Arkansas Rule of Evidence 405(b), should have been admissible under Arkansas Rule of Evidence 404(b). However, in the case before us, the majority, in making arguments for the appellant, essentially makes the same argument that the *Solomon* court rejected. The majority asserts that Douglas's prior bad acts, which the circuit court found to be admissible under Rules 404(b) and 403, should have been excluded under Rule 405(b). To the extent that *Solomon* has any applicability to the case before us, it should be as authority to *affirm* the circuit court's ruling.

Further, the majority erroneously asserts that the failure by Rainer's trial counsel to renew his challenge to the State's motion in limine was "of no moment." Yet, it was the primary basis for the circuit court's decision to grant Rainer a new trial. The circuit court

granted the State's motion in limine pursuant to Arkansas Rule of Evidence 404, because, the evidence seemed to malign the victim for no legitimate purpose. At the conclusion of the Rule 37 hearing , the circuit court found in its ruling from the bench,

> By its very nature, this issue would have turned under Rule 403 on whether the probative value of this evidence that, because she had used a knife in the past she would use it now, whether or not it was substantially outweighed by the danger unfair prejudice because the definition of relevancy is so relaxed in the Rules of evidence which makes any, almost anything connected to something relevant, almost. Because of that you get to the Rule 403 balancing, in order to balance it you have to weigh everything. A year before in chambers being told, look, this is what we want to do in a vacuum without knowing the rest of the case and how it weighs together, you know . . . If [Rainer's trial counsel] made a mistake, it was in not renewing the motion after I've heard the testimony where it's in my mind where I could properly weigh it. And after reviewing this and knowing what I know about the State's case . . . I don't really have any doubt that I would have at least allowed in the prior incident involving the two of them.

This oral ruling was translated into the circuit court's findings of fact and conclusions of law when it stated:

> 3. At the conclusion of the state's case, the motion should have been renewed because the context was more apparent, and the court likely would have granted it.

Clearly, the failure of Rainer's trial counsel to renew his challenge to the State's motion in limine was the issue. However, while missing the importance of the failure-to-renew issue, the majority has fixated on the circuit court's failure to make a record of the motion–in–limine hearing even though failure to make a record was not the basis for circuit court's decision to grant Rainer a new trial.

The majority has neither a sound legal or factual basis for reversing the circuit court's grant of a new trial. For reversal the State argued 1) that the circuit court clearly erred in

21

granting the new trial because its decision was based on its own reconsideration of an evidentiary ruling, not ineffective assistance of counsel; 2) there was no ineffectiveness of counsel in Stanley's appeal to the court of appeals; 3) Rainer's trial counsel's failure to ask the circuit court to reconsider its ruling was a matter of trial strategy; and 4) that Rainer's "central claim" is an evidentiary challenge to the circuit court's pretrial ruling, rather than his trial counsel's ineffectiveness.

As noted previously, the circuit court found that trial counsel's ineffectiveness lay in not renewing the defense's challenge to the motion in limine at trial. The State does not directly challenge this key finding regarding Stanley's ineffectiveness. Likewise, the State does not appeal the circuit court's finding that trial counsel's failure to renew his challenge to the exclusion of Douglas's prior bad acts after the State had put on its case denied Rainer his constitutional right to present a complete defense.[7] In fact, the State acknowledges that the "proper" time to renew Rainer's challenge to the motion-in-limine ruling was during the trial or in the motion for a new trial.

Additionally, the State's assertion that trial counsel's failure to renew his challenge to the motion in limine was a matter of trial strategy was neither raised to nor ruled upon by the circuit court. Finally, the circuit court made it very clear in its order granting Rainer a new trial that its finding of ineffective assistance of counsel was not based on its reconsideration an evidentiary ruling. Accordingly, this case should be affirmed.

---

[2]As the Supreme Court observed in *Crane v. Kentucky*, "[T]he Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" 476 U.S. 683, 690 (1986) (quoting 467 U.S. 479, 485 (1984)),



Cite as 2014 Ark. 306

HANNAH, C.J., and BAKER, J., join.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellant.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellee.