SLIP OPINION

Cite as 2015 Ark. 55

# SUPREME COURT OF ARKANSAS

No. CR–14–846

|  |  |  |
|---|---|---|
| JOSHUA R. ALLEN | APPELLANT | Opinion Delivered February 19, 2015 |
| V. | | APPELLEE'S MOTION TO DISMISS APPEAL AND APPELLANT'S PRO SE MOTION FOR A COPY OF RECORD [PULASKI COUNTY CIRCUIT COURT, NO. 60CR-09-3411] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT T. WRIGHT, JR., JUDGE |
| | | APPEAL DISMISSED; APPELLANT'S MOTION MOOT. |

## PER CURIAM

In 2012, appellant Joshua R. Allen was found guilty of capital murder and four counts of committing a terroristic act. He was sentenced to life imprisonment for capital murder and concurrent sentences of five years' imprisonment on each count of committing a terroristic act to run consecutively to the life sentence. He was also found guilty of using a firearm during the commission of the felony and received a sentence enhancement of five years, with this sentence also to run consecutively to the capital-murder sentence, for a total of life imprisonment plus 120 months. We affirmed. *Allen v. State*, 2013 Ark. 396. This court's mandate was issued on October 29, 2013.

On January 3, 2014, appellant filed in the trial court a pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2012), seeking to vacate the judgment. The petition was dismissed on January 16, 2014, on the ground that it was not timely filed under the Rule, but the order was subsequently vacated on the ground

that the late filing of the petition was due to an error by the court's clerk. Appellant then sought an extension of time to file an amended petition. The motion was granted on March 12, 2014, allowing appellant sixty days to submit an amended petition. On July 7, 2014, the court entered a final order denying the original petition and noting that appellant had failed to submit an amended petition.

Appellant lodged an appeal in this court from the July 7, 2014 order. Now before us are the appellee State's motion to dismiss the appeal on the ground that appellant did not timely file a brief on appeal and appellant's motion for a copy of the record lodged on appeal. As we find that appellant could not prevail if the appeal were allowed to proceed, we grant the motion to dismiss the appeal on the ground that there was clearly no merit to the Rule 37.1 petition. An appeal from an order that denied a petition for postconviction relief will not be permitted to go forward where it is clear that the appellant could not prevail. *See Williams v. State*, 2014 Ark. 70 (per curiam). This court has held that it will reverse the trial court's decision granting or denying postconviction relief only when that decision is clearly erroneous. *Anderson v. State*, 2015 Ark. 18, ___ S.W.3d ___ (per curiam); *Conley v. State*, 2014 Ark. 172, 433 S.W.3d 234. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. Appellant's motion is moot in light of the dismissal of the appeal on the merits.

Appellant contended in his petition that his attorney at trial failed to raise certain issues, to challenge the admissibility of key evidence, and to challenge the credibility of witness Antonio

Johnson. He also faulted counsel for not arguing certain issues on direct appeal. He further alleged that the trial court and jury were biased and that counsel was remiss in not requesting a change in venue. Finally, he complained that the trial court made errors in its rulings on the admissibility of evidence and its rulings on defense objections, that he was denied his right to a fair and impartial trial and his right not to incriminate himself, and that he was subjected to double jeopardy.

With respect to the allegations of trial error, we have consistently held that such claims are a direct attack on the judgment and are thus properly raised in the trial court; such claims are not grounds for a collateral attack on the judgment under Rule 37.1. *Camacho v. State*, 2011 Ark. 235 (per curiam) (A challenge to a judgment based on assertion of a speedy trial violation was not cognizable under the Rule.). Assertions of trial error, even if of constitutional dimension, must be raised at trial and on appeal. *Watson v. State*, 2012 Ark. 27 (per curiam). Appellant's statements alleging trial error which were totally unsupported by facts did not demonstrate that there was any issue of trial error raised in the petition that would warrant addressing the issue in a postconviction proceeding. *See State v. Ranier*, 2014 Ark. 306, 440 S.W.3d 315 (Only errors that are so fundamental as to render the judgment void are sufficient to open a judgment to collateral attack.).

As to the assertions of ineffective assistance of counsel, the claims did not entitle appellant to postconviction relief because he failed to substantiate any of the claims with facts sufficient to show that he was prejudiced by any specific error of counsel. When a petitioner under the Rule alleges that he was denied ineffective assistance of counsel, the sole question

SLIP OPINION

presented on appeal is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in holding that counsel's performance was not ineffective. *Chunestudy v. State*, 2014 Ark. 345, 438 S.W.3d 923 (per curiam).

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland*, we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 403 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, 426 S.W.3d 462. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable

SLIP OPINION

probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Breeden v. State*, 2014 Ark. 159 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Appellant's grounds for postconviction relief were conclusory in nature. He failed to state a basis on which trial counsel could have raised a meritorious objection at trial as to the admission of any particular evidence, explain his conclusion that the court and jury were biased and a change of venue should have been requested, substantiate his claim that there was a basis for counsel to raise the issue of double jeopardy, or otherwise provide facts to support the claims that counsel failed to act as competent counsel within the *Strickland* standard. As stated, there is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance. *Anderson*, 2015 Ark. 18, ___ S.W.3d ___; *Carter v. State*, 2010 Ark. 231, 364 S.W.3d 46 (per curiam). The claimant must provide facts that affirmatively support his or her claims of prejudice; neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting a Rule 37.1 petition. *Green v. State*, 2014

Ark. 284 (per curiam); *Dixon v. State*, 2014 Ark. 97 (per curiam) (citing *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam)). Appellant fell far short of showing that there is a reasonable probability that, but for counsel's ineffective assistance, the fact-finder would have had a reasonable doubt respecting guilt and the outcome of the proceeding would have been different. *See Fueget*, 2015 Ark. 43, ___ S.W.3d ___.

Likewise, when a petitioner under the Rule alleges that his appellate attorney was ineffective, the petitioner must establish that the arguments would have been found meritorious had they been argued on appeal to demonstrate that he was denied effective assistance of counsel. *Rainer*, 2014 Ark. 306, 440 S.W.3d 315. Counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria because the issue raised on appeal would have resulted in the appellate court declaring reversible error. *Rainer*, 2014 Ark. 306, 440 S.W.3d 315 (citing *Walton v. State*, 2013 Ark. 254 (per curiam)). It is petitioner's responsibility in a Rule 37.1 petition to establish that the issue was raised at trial, that the trial court erred in its ruling on the issue, and that an argument concerning the issue could have been raised on appeal to merit appellate relief. *Rainer*, 2014 Ark. 306, 440 S.W.3d 315. Appellant's conclusory arguments did not meet that burden.

Appeal dismissed; appellant's motion moot.

*Joshua R. Allen*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.