Cite as 2024 Ark. 69

# SUPREME COURT OF ARKANSAS

No. CR–23–400

| | |
|---|---|
| | **Opinion Delivered:** April 25, 2024 |
| ZACHARY NICHOLAS RYAN HARLAN<br>APPELLANT | |
| | APPEAL FROM THE BENTON<br>COUNTY CIRCUIT COURT |
| V. | [NO. 04CR-18-2383] |
| STATE OF ARKANSAS | HONORABLE ROBIN FROMAN |
| APPELLEE | GREEN, JUDGE |
| | AFFIRMED. |

**SHAWN A. WOMACK, Associate Justice**

Zachary Harlan was convicted of aggravated residential burglary, theft of property, and capital murder in Benton County. He was sentenced to life imprisonment with an additional sixty-six years to run concurrently with his life sentence. For his sole argument on appeal, Harlan claims the circuit court abused its discretion in admitting evidence that he attacked his estranged girlfriend, Sarah Collins. Harlan claims this was in violation of Arkansas Rules of Evidence 404(b) and 403. We affirm.

I.      *Facts*

In May 2018, Zachary Harlan murdered Stephen March, his former roommate. The murder was alleged to have been retaliation that stemmed from Harlan's beating of Sarah Collins just a few weeks before March's death. Sarah Collins is Harlan's estranged girlfriend and the mother of his child. She was hospitalized due to the severity of the beating. After beating Collins, Harlan called March. He demanded that March pack him a bag because

he had just badly beaten Sarah. March declined to accommodate Harlan's demand. Instead, he told Harlan that he would visit Sarah in the hospital. In response, Harlan threatened March, telling him to "watch his back or [he would] be next." March then kicked Harlan out of his house, and Harlan fled to Missouri.

As a result of Harlan's assault on Sarah Collins, law enforcement issued a "be on the lookout" for Harlan. In addition, Harlan's parole officer was notified of the assault and that Harlan was no longer living at his residence. Harlan's parole officer then issued an absconder warrant for Harlan's arrest.

In the weeks that followed, Harlan's mistreatment of Collins continued. Collins reported to law enforcement that Harlan had been harassing her through text messages. The Springdale Police Department was investigating the harassment when they went to March's home on May 12th looking for Harlan. Though Harlan was not there, March told Corporal Baker that he believed Harlan was breaking into the home when March was not there, and he was fearful that Harlan was a threat to his safety.

March's fears were confirmed the very next day on May 13th. Harlan and March were supposed to talk face-to-face at March's home. For this reason, March told friends that he did not think he would live through the night. He was indeed correct. Officers from the Springdale Police Department found March murdered in his bed the next day. March had suffered injuries to his face and a laceration to his throat. Police concluded he had been murdered in his sleep. Officers found Harlan's DNA on a bloody towel and a sweatshirt at the scene, and Harlan was subsequently arrested based on his absconder warrant. While in custody, Harlan told multiple inmates that he had murdered Stephen March.

Harlan was ultimately charged with capital murder, aggravated residential burglary, and theft of property. Before trial, Harlan moved in limine to prohibit the admission of his assault on Sarah Collins. Harlan claimed below that admission of such evidence would violate the Arkansas Rules of Evidence. He claimed the assault was improper character evidence under Rule 404(b), which generally prohibits the admission of evidence of other crimes, wrongs, or acts to show that an individual acted in conformity therewith on a particular occasion. In the alternative, Harlan argued that if the assault evidence was otherwise admissible, its admission would be unduly prejudicial under Rule 403.

The State countered that an exception to Rule 404(b)'s general prohibition applied because the evidence was being offered to show Harlan's intent and motive in killing March. The circuit court agreed and found the assault of Collins and surrounding circumstances were relevant evidence of Harlan's intent and motive for killing March, thus making the evidence admissible under Rule 404(b). For this reason, the circuit court also found that the probative value of evidence related to Harlan's intent and motive was not substantially outweighed by the danger of unfair prejudice—meaning the evidence was also admissible under Rule 403. It is from this ruling that Harlan appeals.

## II. *Analysis*

For his sole point on appeal, Harlan claims the circuit court abused its discretion in allowing the admission of evidence related to his attack on Sarah Collins. Abuse of discretion is a high threshold. *Neal v. State*, 2024 Ark. 16, at 12–13, 682 S.W.3d 672, 680. Error alone is insufficient to meet the mark. *Id*. There must be improvidence, thoughtlessness, or lack of due consideration by the circuit court. *Id*. Otherwise, this court

will not reverse the circuit court's evidentiary ruling. *Id*. Harlan has the burden of establishing that the circuit court abused its discretion, and he has failed to meet that burden here.

In reviewing the circuit court's evidentiary ruling, we find the circuit court acted sensibly in denying Harlan's motion in limine. Other crimes, wrongs, or acts are admissible under Rule 404(b) to show motive and intent. *Nelson v. State*, 2024 Ark. 24, 16, 683 S.W.3d 177, 190–91 (2024) (discussing Ark. R. Evid. 404(b)). In applying Rule 404(b), the circuit court found the rift between Harlan and March was directly related to the Collins incident and was therefore relevant to show Harlan's motive and intent as it pertained to this case. The circuit court further found that the probative value of Harlan's intent and motive outweighed any prejudicial impact of admissibility.

The circuit court reached its decision only after reviewing the motion and the briefs submitted by the parties and conducting a hearing on the motion. In addition, the circuit court instructed the jury that evidence of the Collins incident was not character evidence, nor was it to be considered to show that Harlan acted similarly or accordingly as to March but "merely offered as evidence of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

For these reasons, we cannot say that the circuit court abused its discretion in allowing the admission of evidence related to the Collins incident. Harlan has failed to present this court with any meaningful argument to the contrary. Indeed, he has identified no actions by the circuit court that show improvidence, thoughtlessness, or lack of due consideration. Instead, he briefly argued the circuit court erred in its Rule 404(b) and Rule

4

403 analyses and then claimed the State's entire characterization of the Collins incident amounts to improper character evidence. These conclusionary arguments are insufficient to meet Harlan's necessary burden. As to his issue with the State's presentation of the case, Harlan's arguments amount to a claim that the State violated the circuit court's ruling on the motion in limine. Harlan failed to preserve such arguments for appellate review.[1]

### III.    *Rule 4-3(a) Review*

Because Harlan received a life sentence, this court, in compliance with Arkansas Supreme Court Rule 4-3(a), has examined the record for all objections, motions, and requests made by either party that were decided adversely to Harlan. No prejudicial error has been found. We therefore affirm.

Affirmed.

BAKER, J., concurs.

Ark. Public Defender Comm'n, by: *David R. Raupp*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.

---

[1]Generally, there is no requirement that a defendant renew an objection to a motion in limine in order to preserve the issue for appeal. *State v. Rainer*, 2014 Ark. 306, at 10, 440 S.W.3d 315, 321. However, if a party violates a specific ruling, the party adversely affected is required to raise specific objections at trial to preserve the violations for appellate review. *See, e.g.*, *Casteel v. State Farm Mut. Auto. Ins. Co.*, 66 Ark. App. 220, 222–23, 989 S.W.2d 547, 548–49 (1999). Here, Harlan claims "the State built its case around the Collins incident evidence and repeatedly argued to the jury that it could and should rely on that evidence as proof of Harlan's violent character with which he had acted in conformity when he killed March." Appellant's Br. at 17. Harlan further claims that, "from start to finish, the State exploited the circuit court's denial of Harlan's motion in limine . . . to portray Harlan as a violent criminal." Appellant's Br. at 14.

To the extent Harlan argues the State violated the circuit court's ruling by presenting improper character evidence, he was required to raise specific objections to those violations at trial. Accordingly, these claims are not preserved for appeal. And even if they were, a violation of an evidentiary order by a party does not establish an abuse of discretion on the part of the circuit court. *See Bishop v. State*, 2023 Ark. 150, at 11, 675 S.W.3d 869, 877.