Jim Wilson McCLELLAN *v.* STATE of Arkansas

CR 78-82                                    570 S.W. 2d 278

Opinion delivered September 18, 1978
(Division I)

*Jack King*, for appellant.

*Bill Clinton*, Atty. Gen., by: *James E. Smedley*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant was convicted of manslaughter in the killing of Coyne Sitz. The jury fixed the sentence at five years' imprisonment. There are five points for reversal, none of which we find to have merit.

On the night of the homicide the defendant, Jim McClellan, had gone to the home of his brother's widow, Daisy McClellan, to repair a water pipeline. Four persons — Jim, Daisy, Troy Bushman, and the decedent Sitz — participated in an extended drinking party. At some time during the evening Sitz struck Daisy. Sitz then took a red pill, chased it with vodka, and went to sleep on a couch. Jim went over and started hitting Sitz with his fists, so hard that, according to Bushmen, "Daisy told Jim to quit, that he was killing him." Jim did quit, but Sitz died while still lying on the couch. An autopsy indicated that the blows apparently were the cause of death. Our summation of the facts is sufficient to show that there was substantial evidence to sustain the verdict. Whether the State proved its case beyond a reasonable doubt was a question for the jury, not for this court.

Before the trial, at the request of defense counsel, the court had McClellan examined by a psychiatrist, who reported that McClellan was an episodic excessive drinker, but that he was legally competent and free from psychosis. The report did not suggest that McClellan was unfit to stand trial. It is now argued that the court had an affirmative duty to determine whether McClellan was fit to stand trial and

erred in not doing so. We do not so read the statute. Ark. Stat. Ann. § 41-606 (Repl. 1977). After the psychiatrist's report was filed there was no request by counsel that the court determine the issue of fitness. If counsel's motion for a psychiatric examination can be construed as a motion for a determination of fitness, it was counsel's obligation to obtain a ruling on the motion. *Flake* v. *Thompson, Inc.*, 249 Ark. 713, 460 S.W. 2d 789 (1970). Absent such a ruling, no error is shown.

On the third point, the court's finding that McClellan's statement to the police officers was voluntary, is not clearly contrary to the evidence. To the contrary, McClellan did not see fit to testify at the Denno hearing; so the officers' testimony is not disputed. On the fourth point, the photographs of Sitz as he lay dead on the couch were admissible to corroborate the State's proof that he was beaten about the face. The photographs are not inflammatory in any respect.

Finally, counsel complains that the trial judge limited his direct examination of a defense witness, Gary Frost. Frost had seen the decedent, Sitz, on one occasion. Counsel sought to show that on that occasion Frost and Sitz got into an altercation about another man's coat and that, according to Frost, Sitz "pulled a single-barrel 12-gauge shotgun with the hammer back and stuck it to my head and offered to blow my head off if I didn't pull the coat off." The testimony was offered to show that Sitz might have been the aggressor at the time he was killed, McClellan having said in his statement to the officers that Sitz was awake and "started cussing me" when he first hit Sitz. The court ruled that the specific instance of aggressive conduct on the part of Sitz was inadmissible.

The court was right. Rule 405 (a) of the Uniform Rules of Evidence provides that an admissible trait of character may be proved by testimony as to reputation or by testimony in the form of an opinion. On cross-examination inquiry may be made as to relevant specific instances. Rule 405 (b) then states:

(b) Specific Instances of Conduct. In cases in which character or a trait of character of a person is an essen-

tial element of a charge, claim, or defense, proof may also be made of specific instances of his conduct. [Ark. Stat. Ann. § 28-1001, Rule 405 (Supp. 1977).]

Rule 405 is taken verbatim from Rule 405 of the Federal Rules of Evidence. 28 USCA, Federal Rules of Evidence (1975). The Advisory Committee's Notes to the federal rule explain why direct evidence of specific conduct is limited to instances in which the trait of conduct is squarely in issue:

Of the three methods of proving character provided by the rule, evidence of specific instances of conduct is the most convincing. At the same time it possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time. Consequently the rule confines the use of evidence of this kind to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry. When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion.

Thus the question is, when is a trait of character strictly in issue? The answer, in the language of Rule 405 (b), is when the trait is "an essential element of a charge, claim, or defense."

The common-law rules of evidence, which have not really been changed by the Uniform Rule, set the point at rest. The trait of character must be an operative fact which under substantive law determines the rights and liabilities of the parties. McCormick, Evidence, § 187 (2d ed., 1954). For example, in a tort case involving the defendant's asserted negligent entrustment of his vehicle to an incompetent driver, the plaintiff must show as a part of his substantive proof that the defendant was aware of the driver's trait of incompetence. Proof of specific instances of incompetence is therefore admissible. *Ozan Lbr. Co. v. McNeely,* 214 Ark. 657, 217 S.W. 2d 341, 8 A.L.R. 2d 261 (1949). Again, if the plaintiff sues for slander because the defendant called him a liar, and the defendant pleads as a defense that the plaintiff *is* a liar, the plaintiff's character as a truthful person is an essential element of the defense. Specific instances of the plaintiff's lies

would therefore be admissible at common law. See Wigmore, Evidence, §§ 202 and 207 (3rd ed., 1940).

In the case at bar the question, then, is whether Sitz's character as an aggressive person was "an essential element" of McClellan's defense of self-defense. Obviously it was not. One might plead self-defense after having killed the most gentle soul who ever lived. In such a situation the decedent's character as a possible aggressor is being used circumstantially, not as a direct substantive issue in the case. The trial judge was therefore correct in disallowing the proffered proof of a specific instance of aggression on the part of the decedent.

Affirmed.

We agree. FOGLEMAN, HOLT and HOWARD, JJ.