SLIP OPINION          Cite as 2013 Ark. App. 464



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-12-784

| | |
|---|---|
| DONNIE R. ROBINSON | Opinion Delivered September 4, 2013 |
| APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. CR-11-127-1] |
| V. | |
| STATE OF ARKANSAS | HONORABLE SAM POPE, JUDGE |
| APPELLEE | |
| | AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Donnie Robinson appeals his conviction for refusal to submit to a chemical test. On appeal, he argues that the trial court erred in denying his motion to suppress. We affirm.

Appellant was arrested for DWI on June 4, 2011. He was also charged with refusing to submit to a chemical test, having a broken windshield, and having a broken taillight. On November 15, 2011, appellant was convicted in district court of DWI, refusal to submit, broken windshield, and defective equipment. He filed a timely appeal to the Drew County Circuit Court.

On May 7, 2012, appellant filed a motion to suppress evidence obtained as a result of his traffic stop, alleging that there was no probable cause for the stop. At the suppression hearing, Trooper David Outlaw of the Arkansas State Police testified that he pulled appellant over on June 4, 2011, after seeing that the passenger taillight on appellant's truck was broken.

SLIP OPINION

Outlaw said that the taillight was still burning and showing a white light instead of red. On cross-examination, he clarified that part of the taillight was not broken and was still showing red. Outlaw testified that he believed a statute covered broken taillights, but he could not identify it.

The trial court denied the motion to suppress, finding that there was cause to believe appellant had committed a traffic offense in violation of Arkansas Code Annotated sections 27-36-215 to -216. After a jury trial, appellant was acquitted of DWI and convicted of refusal to submit to a chemical test. The trial court dismissed the charges of broken windshield and defective equipment. Appellant was sentenced to twelve months' suspended imposition of sentence. He filed a timely notice of appeal. Upon remand from this court, the trial court entered a nunc pro tunc order correcting errors in the original sentencing order. *See Robinson v. State*, 2013 Ark. App. 155.

When reviewing the denial of a motion to suppress evidence, this court conducts a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause, giving due weight to inferences drawn by the circuit court. *Fisher v. State*, 2013 Ark. App. 301, --- S.W.3d ---. A finding is in clear error when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id*. The court defers to the superiority of the circuit court to evaluate the credibility of witnesses who testify at a suppression hearing. *Id*.

In order to make a valid traffic stop, a police officer must have probable cause to

believe that a traffic law has been violated. *Burks v. State*, 362 Ark. 558, 210 S.W.3d 62 (2005). Probable cause is defined as "facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected." *Id.*

Appellant argues that there was no probable cause for Outlaw to conduct a traffic stop because there is no statute prohibiting a cracked taillight lens. He notes that the statute on taillights, Arkansas Code Annotated section 27-36-215(a) (Repl. 2008), requires only that taillights "emit a red light plainly visible from a distance of five hundred feet (500') to the rear." Appellant attempts to distinguish this case from *Burris v. State*, 330 Ark. 66, 954 S.W.2d 209 (1997), where the supreme court held that testimony that the defendant's taillight was partially broken and shining white instead of red provided probable cause. Appellant notes that his taillight was shining white *and* red, and he urges this court to adopt the holding of a Texas case that "a cracked taillight emitting white light is not a violation." *See Vicknair v. State*, 751 S.W.2d 180 (Tex. Crim. App. 1986).

The State argues that Outlaw had probable cause to stop appellant's truck because the broken taillight was cause for him to believe that the vehicle had safety defects pursuant to Arkansas Code Annotated section 27-32-101 (Repl. 2008). This statute provides, in part, as follows:

> (a)(1) No person shall drive or move any vehicle subject to registration on any highway in this state unless the equipment on the vehicle is in good working order and adjustment as required for the vehicle's safe operation and unless the vehicle is in safe mechanical condition as not to endanger the driver, other occupants of the vehicle, or any other person.

(2)(A) Any law enforcement officer having reason to believe that a vehicle may have safety defects shall have cause to stop the vehicle and inspect for safety defects.

In *Villanueva v. State*, 2013 Ark. 70, --- S.W.3d ---, the supreme court held that a large windshield crack was the type of "safety defect" contemplated by section 27-32-101(a)(2)(A) despite the defendant's argument that no Arkansas law made it illegal to operate a vehicle with a cracked windshield. Here, the testimony established that appellant's vehicle's equipment was not in "good working order," which provided probable cause for the officer to stop the vehicle. The trial court did not clearly err in finding that the traffic stop was proper.

Affirmed.

GLADWIN, C.J., and HARRISON, J., agree.

*John F. Gibson, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.