# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-12-1098

| | | |
|---|---|---|
| DAVID COLBY SNOW | | Opinion Delivered September 18, 2013 |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. CR-2012-39-1] |
| V. | | |
| | | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

The appellant in this criminal case was found guilty by a jury of driving while intoxicated, third offense. On appeal, appellant argues that the trial court erred in denying his motion to suppress evidence on the grounds that it was obtained as the result of an illegal roadblock. We affirm because appellant's point is not preserved for appellate review.

When reviewing the denial of a motion to suppress evidence, we conduct a de novo review based on the totality of the circumstances, reviewing findings of historical facts for clear error and determining whether those facts give rise to reasonable suspicion or probable cause. *Robinson v. State*, 2013 Ark. App. 464. In making our review, we give due weight to inferences drawn by the circuit court. *Id.* A finding is in clear error when, after reviewing the entire evidence and giving deference to the superior position of the circuit court to evaluate the credibility of witnesses who testify at a suppression hearing, the appellate court is left with the definite and firm conviction that a mistake has been made. *Id.*

Viewed in light of this standard, the record shows that the supervisor of the Arkansas State Police Highway Patrol Division, Troop F, authorized a sobriety checkpoint to be established for a period of one hour on the evening of August 26, 2011, at the intersection of Florence and Jose Chapel Roads in rural Drew County. Two troopers were assigned to the checkpoint. Soon after initiating the checkpoint, the troopers saw a vehicle come around a curve toward the checkpoint. The driver of the vehicle slammed on his brakes a short distance past the curve, turned into a cemetery, and turned off his lights. One of the troopers went to see if the vehicle was trying to avoid the checkpoint. The occupants of the vehicle had exited and were standing near the front passenger side tire when the trooper approached. Appellant, who concedes that he was the driver of the vehicle, had a strong odor of intoxicants about him. Field sobriety tests were administered to appellant, and, after determining that appellant was probably impaired, the trooper placed him under arrest.

On appeal, appellant argues that the evidence obtained as a result of the stop should have been suppressed because the roadblock was "set up as a mere subterfuge" and was therefore unconstitutional. However, this question was neither raised before nor ruled upon by the trial court. Appellant's motion to suppress did not mention the roadblock at all but instead merely asserted generally that the search was unreasonable and that the fruits thereof should be suppressed pursuant to *Wong Sun v. United States*, 371 U.S. 471 (1963). The only mention of any possible infirmity relating to the roadblock was at the very close of the suppression hearing, when appellant asked for a ruling on whether the roadblock was constitutional. The trial court ruled that it was, but there is nothing to show that appellant's

counsel directed the trial court's attention to the argument that he now makes, *i.e.*, that the roadblock was a mere subterfuge established for the specific purpose of stopping appellant and no other person. Thus, appellant failed to apprise the circuit court of the particular argument that he raises on appeal, and he failed to obtain a ruling on it. An objection must be sufficiently specific to apprise the court of the particular error alleged, *Dixon v. State*, 2011 Ark. 450, 385 S.W.3d 164, and a party cannot enlarge or change the grounds for an objection or motion on appeal but instead is bound by the scope and nature of the arguments made at trial. *Id*.

Finally, even if the argument were properly before us, we could not say that the trial court was required to disbelieve the trooper's testimony that there was a legitimate purpose for the roadblock, that the roadblock was approved by his superior, and that appellant was not specifically targeted.

Affirmed.

WYNNE and GRUBER, JJ., agree.

*John F. Gibson, Jr.*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.