# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-1321

_____

Routy W. Abernathy

*Plaintiff - Appellant*

v.

Ray Hobbs, Director, Arkansas Department of Correction

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: January 16, 2014
Filed:

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

An Arkansas jury found Routy Abernathy guilty of raping his two minor nieces in violation of Ark. Code Ann. § 5-13-103. He received a sentence of sixty years of imprisonment. After exhausting his state court remedies, Abernathy filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court[1] dismissed all four counts of the § 2254 petition, but granted a certificate of appealability on two counts. On appeal, Abernathy claims his counsel was ineffective by failing to object to an expert vouching for a witness and by stating, during opening statements, Abernathy would only be called to testify if the state had proven its case. We affirm the district court.

I

An Arkansas jury convicted Abernathy of raping his two minor nieces, S.D. and C.D., who were ten and eleven years old, respectively, at the time of the rapes. The girls are not Abernathy's biological nieces, but rather are the daughters of his wife's sister. Abernathy's conviction was based largely on the trial testimony of the two victims because there was no physical evidence and the victims had initially denied the rapes when interviewed by investigators.

Before trial, Abernathy filed a motion in limine asking to prohibit the admission of any testimony from police investigators, interrogators, and medical personnel expressing an opinion on the credibility of the testifying minors. The trial court ruled this type of testimony would not be allowed.

The case proceeded to trial. During his opening statement, Abernathy's counsel made the statement: "I have a duty to do my job and not allow [my client] to take the stand if I don't believe the State has proven its case beyond a reasonable doubt at the time it rests its case." Trial Tr. 385.

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

The testimony at trial included testimony by both victims. C.D. testified about one incident when Abernathy digitally penetrated her vagina. S.D. testified about four incidents, where Abernathy penetrated her vagina with a dildo, Abernathy penetrated her vagina with his penis, Abernathy penetrated her anus with a dildo and then penetrated her vagina with his penis, and Abernathy penetrated her vagina with his penis. Additionally, M.S., a prior victim, also testified pursuant to the pedophile exception to Arkansas Rule of Evidence 404(b), which allows the state to present evidence of prior similar acts of pedophilia. M.S. testified Abernathy digitally penetrated her anus at a time Abernathy had a romantic relationship with her mother in Oklahoma.

Abernathy's counsel called into question the reliability and truthfulness of the victims' testimony through medical personnel and investigators. As part of this defense strategy, Abernathy called Cheryl Green, a physician assistant, who had seen and examined M.S. Green testified about the examination and the lack of physical evidence. During cross-examination, the state had the following exchange with Green.

> Q: Ms. Green, when you talked to this girl, as a matter of fact, you believed her, did you not?
> A: Yes sir.
> Q: Even though you found no evidence of physical injury?
> A: Yes sir.

Abernathy's counsel did not object to the questions or answers.

Abernathy testified in his own defense and denied the accusations in total.

The jury convicted Abernathy of rape as to C.D. and S.D. Abernathy timely appealed his convictions, which the Arkansas Court of Appeals affirmed. <u>Abernathy</u>

v. State, 2009 Ark. App. 702, 2009 WL 3460705 (Ark. Ct. App. 2009). Abernathy then filed a state habeas petition with the Arkansas trial court under Arkansas Rule of Criminal Procedure 37, claiming ineffective assistance of counsel on thirteen grounds. The court conducted an evidentiary hearing and denied the petition in full. Abernathy appealed to the Supreme Court of Arkansas, which affirmed the denial of post-conviction relief. Abernathy v. State, 386 S.W.3d 477 (Ark. 2012).

Abernathy filed a timely habeas petition in federal district court, raising four claims of ineffective assistance of counsel. The case was referred to Magistrate Judge Beth Deere, who recommended the petition be denied and dismissed. The district court adopted the magistrate's recommendation and also granted a certificate of appealability on two grounds. This appeal followed, in which Abernathy raises two grounds for relief: (1) a claim Abernathy suffered ineffective assistance of counsel when trial counsel failed to object to vouching of a minor witness by an expert witness, and (2) a claim Abernathy suffered ineffective assistance of counsel when trial counsel told the jury during opening statements he would not call Abernathy to the stand unless the state had proven its case and Abernathy subsequently took the stand.

II

In a habeas proceeding under 28 U.S.C. § 2254, this Court reviews the district court's conclusions of law de novo and its factual findings for clear error. Bobadilla v. Carlson, 575 F.3d 785, 790 (8th Cir. 2009).

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254, limits the power of federal courts to grant habeas relief for any claim "adjudicated on the merits in State court proceedings" unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). AEDPA modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law. Colvin v. Taylor, 324 F.3d 583, 586 (8th Cir. 2003).

Abernathy seeks relief based on two claims of ineffective assistance of counsel. The Sixth Amendment to the United States Constitution guarantees the right to effective assistance of counsel in criminal prosecutions. U.S. Const. Amend. VI; see also Powell v. Alabama, 287 U.S. 45 (1932); Johnson v. Zerbst, 304 U.S. 458 (1938); Gideon v. Wainwright, 372 U.S. 335 (1963). A defendant who claims to have been deprived of effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); Morelos v. United States, 709 F.3d 1246, 1249-50 (8th Cir. 2013).

For the first requirement of the Strickland test, "the court must apply an objective standard and 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance,' Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions." Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995).

To establish the prejudice of the second prong of the <u>Strickland</u> test, the petitioner must show" there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694. Because hindsight analysis is problematic, courts "indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance." <u>United States v. Staples</u>, 410 F.3d 484, 488 (8th Cir. 2005).

Taking AEDPA and <u>Strickland</u> together establishes a "doubly deferential" standard of review in § 2254 cases. <u>Williams v. Roper</u>, 695 F.3d 825, 831 (8th Cir. 2012) (quoting <u>Cullen v. Pinholster</u>, 131 S.Ct. 1388, 1410 (2011)).

A

Abernathy claims counsel was ineffective in failing to object to a defense expert vouching for the credibility of M.S. Green testified in Abernathy's defense regarding the lack of physical evidence of any rape of M.S., who provided testimony of a prior rape which had not been separately charged. The state, in contravention of a prior trial court order, solicited a vouching statement from Green regarding the truthfulness of M.S. The Supreme Court of Arkansas held Abernathy did not demonstrate he was sufficiently prejudiced by counsel's failure to object to Green's testimony to meet his burden of proof, the trial court had instructed the jury concerning its obligation to assess the credibility of witnesses, and counsel had effectively challenged M.S.'s credibility during his closing argument. <u>Abernathy</u>, 386 S.W. 3d at 483.

The decision of the Supreme Court of Arkansas was not contrary to clearly established federal law, as determined by the Supreme Court, or an unreasonable application of federal law, because the Supreme Court of Arkansas properly applied the governing legal rule from <u>Strickland</u>. <u>See Williams v. Taylor</u>, 529 U.S. 362, 413 (2000).

The Supreme Court of Arkansas also did not render a decision "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The Supreme Court of Arkansas examined the facts of the case and held Abernathy failed to demonstrate prejudice sufficient to grant post-conviction relief. The court noted the jurors were instructed they were the "sole judges of the weight of the evidence and the credibility of witnesses," which the court considered a curative instruction. See Engesser v. Dooley, 457 F.3d 731, 738 (8th Cir. 2006) (holding strength of evidence and jury instructions cured potential prejudice from a law enforcement officer opining defendant was not truthful during interview); Oleson v. Class, 164 F.3d 1096, 1101-02 (8th Cir. 1999) (holding curative jury interactions meant trial was not unfair despite counsel's failure to object to a psychologist's vouching of a sexual abuse victim's statement). Additionally, the court noted Abernathy's counsel properly challenged M.S.'s credibility during closing argument. The Supreme Court of Arkansas reasonably applied Strickland to find expert vouching of a prior victim was not sufficiently prejudicial to warrant post-conviction relief. See Adesiji v. State of Minnesota, 854 F.2d 299, 301 (8th Cir. 1988) (holding, in a § 2254 case, given the testimony of victims and court's instructions to jury that jury determine credibility of witnesses, expert testimony regarding general trustworthiness of child victims did not make trial fundamentally unfair).

Giving proper deference, we cannot say the decision of the Supreme Court of Arkansas was an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts. Thus, we affirm the district court's ruling that Abernathy did not suffer from ineffective assistance of counsel in this regard.

B

Abernathy next claims counsel was ineffective based on a statement made during opening statements. Defense counsel, during opening statements, informed the

jury he would not call Abernathy to the stand in his own defense if counsel did not believe the state had proven the case beyond a reasonable doubt at the time the state rested its case. Abernathy argues that, because he took the stand in his own defense, trial counsel effectively conceded the government had proven guilt beyond a reasonable doubt. At the Rule 37 hearing, Abernathy's counsel testified his statements were not meant to indicate the state had met its burden, but rather were meant to deflect any animosity the jury might have toward Abernathy for not testifying. The Supreme Court of Arkansas held counsel's statement about Abernathy's testimony was tactical in nature, the trial court had properly instructed the jury that opening statements were not evidence, and Abernathy failed to demonstrate prejudice from counsel's remarks. Abernathy, 386 S.W. 3d at 483.

Again, the decision of the Supreme Court of Arkansas was not contrary to clearly established federal law, as determined by the Supreme Court, or an unreasonable applicable of federal law, because the Supreme Court of Arkansas properly applied the governing legal rule from Strickland. See Williams v. Taylor, 529 U.S. 362, 413 (2000).

The Supreme Court of Arkansas also did not render a decision "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). The Supreme Court of Arkansas found counsel's decision to make the statement was tactical in nature, and, while the court questioned the professional judgment of the statement, ultimately concluded the trial court's instruction to the jury, which clarified that opening statements are not evidence, served to resolve any confusion which may have resulted from the comment. Cf. United States v. Swanson, 943 F.2d 1070 (9th Cir. 1991) (finding prejudice where defense attorney openly conceded in opening and closing statements that government had met its burden of proof). Accordingly, the court found Abernathy had failed to demonstrate prejudice from the remark.

Giving proper deference, we cannot say the decision of the Supreme Court of Arkansas was an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts because the factual findings are well-supported by the record. Thus, we affirm the district court's ruling that Abernathy did not suffer from ineffective assistance of counsel in this regard.

## III

For the reasons stated, we affirm the denial of Abernathy's habeas petition.

_____