SLIP OPINION  Cite as 2016 Ark. App. 181

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–641

JIMMY CHRISTOPHER McMULLIN
                              APPELLANT

V.

STATE OF ARKANSAS
                              APPELLEE

Opinion Delivered  March 30, 2016

APPEAL FROM THE POPE COUNTY CIRCUIT COURT  [NOS. CR-2014-39; CR-2014-143; CR-2014-159]

HONORABLE WILLIAM PEARSON, JUDGE

AFFIRMED AS MODIFIED AND REMANDED

## M. MICHAEL KINARD, Judge

Jimmy Christopher McMullin appeals from his convictions at a jury trial of four counts of rape and two counts of sexual indecency with a child, for which he was sentenced as a habitual offender to concurrent terms totaling forty-five years' imprisonment. The offenses were alleged to have been committed against three children—a former stepchild, a child of a girlfriend, and a friend of appellant's daughter—while the children were visiting in appellant's home or while appellant accompanied the children on activities like fishing, camping, or swimming. Appellant does not challenge the sufficiency of the evidence to support the convictions. Instead, he makes three arguments that the trial court erred in the admission or exclusion of evidence. We find no merit in appellant's arguments. For reasons explained below, we affirm as modified and remand to the trial court for entry of a corrected sentencing order.

SLIP OPINION

Appellant first contends that the trial court erred in denying his request to introduce evidence of specific instances of his good conduct with children in the victims' age range. His attorney offered to present as defense witnesses two of appellant's adult friends and their two boys (not the victims in this case), who would testify that

> [appellant] had been a mentor to these sons, that he had spent lots of time alone with them, taking them fishing. He had . . . camped overnight with them, and the boys would testify, too, that he never did anything inappropriate with them. And the parents would testify . . . that their sons never told them anything like that, and they were perfectly fine with [appellant] being alone with their sons.

The prosecutor objected to appellant's request on grounds that evidence of specific instances of good conduct was inadmissible. The trial court agreed with the prosecutor, ruling that appellant could not offer evidence of specific instances of his conduct in order to show good character but that he could offer character evidence through reputation or opinion testimony.

The admission of evidence is a matter that lies within the sound discretion of the trial court. *Todd v. State*, 2012 Ark. App. 626, 425 S.W.3d 25. The exercise of that discretion will not be reversed on appeal in the absence of a manifest abuse. *Nelson v. State*, 2013 Ark. App. 421. Rule 404(a) of the Arkansas Rules of Evidence discusses character evidence generally:

> Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
>
> (1) *Character of an accused*. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same.

Rule 405, in turn, addresses appropriate methods of proving character:

> (a) *Reputation or Opinion.* In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowed into relevant specific instances of conduct.

> (b) *Specific Instances of Conduct.* In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

As Justice George Rose Smith explained in *McClellan v. State*, 264 Ark. 223, 570

S.W.2d 278 (1978):

> Rule 405 is taken verbatim from Rule 405 of the Federal Rules of Evidence. 28 U.S.C.A., Federal Rules of Evidence (1975). The Advisory Committee's Notes to the federal rule explain why direct evidence of specific conduct is limited to instances in which the trait of conduct is squarely in issue:

>> Of the three methods of proving character provided by the rule, evidence of specific instances of conduct is the most convincing. At the same time it possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time. Consequently the rule confines the use of evidence of this kind to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry. When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion.

> Thus the question is, when is a trait of character strictly in issue? The answer, in the language of Rule 405(b), is when the trait is "an essential element of a charge, claim, or defense."

> The common-law rules of evidence, which have not really been changed by the [Arkansas] Rule, set the point at rest. The trait of character must be an operative fact which under substantive law determines the rights and liabilities of the parties. McCormick, *Evidence*, § 187 (2d ed., 1954). For example, in a tort case involving the defendant's asserted negligent entrustment of his vehicle to an incompetent driver, the plaintiff must show as a part of his substantive proof that the defendant was aware of the driver's trait of incompetence. Proof of specific instances of incompetence is therefore admissible. *Ozan Lbr. Co. v. McNeely*, 214 Ark. 657, 217 S.W.2d 341, 8 A.L.R.2d 261 (1949). Again, if the plaintiff sues for slander because the defendant

called him a liar, and the defendant pleads as a defense that the plaintiff *is* a liar, the plaintiff's character as a truthful person is an essential element of the defense. Specific instances of the plaintiff's lies would therefore be admissible at common law. *See* Wigmore, *Evidence*, §§ 202 and 207 (3rd ed., 1940).

*McClellan*, 264 Ark. at 226–27, 570 S.W.2d at 279–80 (emphasis in original).

Appellant makes no convincing argument and cites no authority for allowing proof of specific instances of good conduct on direct examination here. The cases cited by appellant all held that a relevant trait of good character could be proved by reputation or opinion evidence[1]—something that the trial court's ruling here expressly permitted. We do not agree with appellant that a "trait" of "[sexual] morality with respect to minors" is an "essential element" of his defense of innocence to the charges in this case. We cannot conclude that the trial court abused its discretion in denying appellant's request to offer proof of specific instances of his good conduct.

Appellant next contends that the trial court erred in denying his motion to admit the entirety of a journal written by one of the victims. The State was allowed to introduce two pages of the victim's journal, consisting of entries describing the incidents of sexual abuse by appellant. The trial court denied appellant's motion to introduce the entire journal on grounds that it contained other matters that were not relevant to the issues being tried, but the court stated that appellant would be allowed to cross-examine the victim regarding any other relevant information in the journal. Citing Arkansas Rule of Evidence 106, appellant argues on appeal that the State should have been required to introduce the entire journal.

---

[1]*Shelton v. State*, 287 Ark. 322, 699 S.W.2d 728 (1985); *Finnie v. State*, 267 Ark. 638, 593 S.W.2d 32 (1980); *State v. Rothwell*, 294 P.3d 1137 (Id. Ct. App. 2013).

SLIP OPINION

We hold that appellant failed to preserve this argument for appeal by failing to proffer the evidence that he wanted to have introduced.

Arkansas Rule of Evidence 106 provides as follows:

> Whenever a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement which in fairness ought to be considered contemporaneously with it.

Rule 106 is directed toward preventing a misleading impression that may be created by taking a statement out of context. *Skiver v. State*, 37 Ark. App. 146, 826 S.W.2d 309 (1992). It is not absolute; the right to put in the remainder of a statement as part of the opponent's case is subject to the general principles of relevancy. *Id*. The rule is not designed to make something admissible that should be excluded. *Id*. When evidence is excluded by the circuit court, the party challenging that decision must make a proffer of the excluded evidence at trial so that this court can review the decision, unless the substance of the evidence is apparent from the context. *Means v. State*, 2015 Ark. App. 643, 476 S.W.3d 168.

Here, appellant did not ask the trial court to review the entire journal, and he made no effort to proffer the journal for the record. Without a proffer of the journal, we are in no position to determine whether the trial court erred in ruling that it contained irrelevant information or whether appellant suffered any prejudice due to its exclusion from evidence. *See Means*, *supra*; *Rodriquez v. State*, 2014 Ark. App. 660, 449 S.W.3d 306. As such, appellant's argument is not preserved for appeal.

Appellant's final argument is that the State was erroneously allowed to introduce hearsay for the improper purpose of bolstering the testimony of one of the victims.

Specifically, he argues that the two pages of the victim-witness's journal, discussed above, contained prior consistent statements of the witness and were inadmissible hearsay. Again, we conclude that appellant's argument is not preserved for appeal.

When the State offered the journal pages for introduction at trial, appellant objected as follows:

> Judge, I think the entries were a long time after the allegations when that was supposed to have happened, and it's not a contemporaneous writing. It could be after [the victim] was interviewed by the police. I don't know.

After the State responded that the child "started writing this journal before this case ever started," appellant stated, "Okay. I just wanted to be sure." He did not object on hearsay grounds or on the basis that the evidence was improperly offered as prior consistent statements to bolster the witness's testimony. An appellant is bound by the nature and scope of his objection at trial; he cannot change his argument on appeal. *Snow v. State*, 2013 Ark. App. 494.

One additional matter requires our attention. In the sentencing order for case number CR-2014-159, appellant was sentenced to forty-five years' imprisonment for the second count of the Class "D" felony sexual indecency with a child. That aspect of the sentencing order appears to be a clerical misprision. The jury fixed appellant's sentence for that offense at twelve years, and the trial court was without authority to increase a term of imprisonment, within the legal range, fixed by the jury. *See* Ark. Code Ann. § 5-4-103(a) (Repl. 2013); *Richards v. State*, 309 Ark. 133, 827 S.W.2d 155 (1992). In any event, even a habitual offender with three prior felonies, such as appellant, cannot be sentenced to more than twelve

SLIP OPINION

years for a Class "D" felony.  *See* Ark. Code Ann. § 5-4-501(a)(2)(E) (Repl. 2013).

Therefore, to the extent that the sentence for sexual indecency exceeds twelve years, it is

illegal.  *See Perez v. State*, 2015 Ark. 120 (sentence is illegal on its face when it exceeds

statutory maximum for offense); *Cline v. State*, 2011 Ark. App. 315 (issue of facially illegal

sentence may be raised and corrected by appellate court sua sponte).  We modify appellant's

sentence for the referenced offense to twelve years' imprisonment[2] and remand for the trial

court to enter an amended judgment and sentencing order consistent with that modification.

In all other respects, the judgments are affirmed.

Affirmed as modified and remanded.

GLOVER and HOOFMAN, JJ., agree.

*Omar F. Greene*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.

---

[2]Appellant's forty-five-year sentences for the rapes are not affected by this modification.