# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1773

_____

Shawn Trevell Rainer

*Plaintiff- Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Corrections

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: March 8, 2017
Filed: August 1, 2017

_____

Before RILEY,[1] Chief Judge, GRUENDER, Circuit Judge, and GRITZNER,[2] District Judge.

_____

GRITZNER, District Judge.

---

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017.  He has been succeeded by the Honorable Lavenski R. Smith.

[2]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

Shawn Rainer (Rainer) was convicted of second-degree murder following a jury trial in Arkansas state court and sentenced as a habitual offender to eighty years' imprisonment. Rainer petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, arguing ineffective assistance of counsel. The district court[3] dismissed the petition but granted a certificate of appealability, see 28 U.S.C. § 2253(c)(1)-(2), on one ground. This appeal followed. We affirm.

## I.     BACKGROUND

On June 14, 2009, Takina Douglas, Rainer's girlfriend, placed a 911 call, telling the dispatcher she had been stabbed. First responders arrived at the apartment, but Douglas died of her injuries without communicating how she was stabbed. Rainer told law enforcement that he and Douglas had been arguing when Douglas came at him with a knife. Rainer said he and Douglas further exchanged words, then she ran down the hallway, tripped on the telephone cord, and fell on the knife.

### A.     Trial and Direct Appeal

Rainer was charged with first-degree murder in the Mississippi County Circuit Court, Arkansas Chickasawba District Criminal Division. The case proceeded to trial and the state moved in limine to exclude evidence Douglas had been incarcerated for committing assaults using knives and to exclude potential witness testimony that six months earlier, Douglas stabbed Rainer, although no charges were filed against her. During an unreported, pre-trial hearing, the circuit court granted the state's motion in limine. No record was made of the hearing or the circuit court's ruling. For other reasons, the trial was continued for almost one year.

---

[3]The Honorable Brian S. Miller, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the report and recommendation of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

When trial commenced, Rainer's counsel did not renew objections to the court's motion in limine ruling. No evidence or testimony regarding Douglas' past assaults with knives nor her prior attack upon Rainer came into evidence. Rainer did not testify. After the close of evidence, as the parties prepared to give their closing statements, Rainer's trial counsel brought up the circuit court's ruling in limine and requested assurances that the state would not make any statements regarding a lack of evidence to support Rainer's defense that Douglas had the knife and fell on it. It was agreed that no such statements would be made. The jury found Rainer guilty of second-degree murder. During the sentencing phase, Rainer was found to be a violent habitual offender and was sentenced to eighty years' imprisonment.

Rainer filed a motion for new trial arguing the state presented insufficient evidence to support the verdict. The circuit court denied the motion. Rainer appealed, and the sole issue on direct appeal was sufficiency of the evidence. The Arkansas Court of Appeals affirmed the conviction, see Rainer v. State, No. CACR 12-80, 2012 WL 5328599 (Ark. Ct. App. Oct. 24, 2012), and denied Rainer's petition for rehearing. The Arkansas Supreme Court denied his petition for review.

## B.     State Post-Conviction Relief Proceedings

Rainer filed a petition for post-conviction relief (PCR) under Arkansas Rule of Criminal Procedure 37.1. Represented by new counsel (PCR counsel), Rainer asserted two grounds for relief. Rainer's first ground was a claim of ineffective assistance by his trial and appellate counsel for not appealing the circuit court's ruling in limine disallowing evidence of Douglas' two assault cases that involved knives. As his second ground for relief, Rainer, who was charged with being a "small habitual offender," asserted his trial and appellate counsel provided ineffective assistance by not objecting during the sentencing phase to the presentation of evidence that he was a "serious violent offender."

The circuit court judge who presided over Rainer's trial also presided over Rainer's Rule 37 proceeding.  At the Rule 37 hearing, a discussion ensued regarding the circuit court's oral ruling on the state's motion in limine.  At the request of Rainer's PCR counsel, the judge, prosecutor, and Rainer's trial counsel made a "bystander affidavit," detailing their recollection of the arguments and the oral ruling the circuit court made three years earlier.  Rainer's trial counsel testified that he believed the circuit court granted the motion in limine under Arkansas Rule of Evidence 404.  Thereafter, Rainer's trial counsel testified that he did not appeal the circuit court's motion in limine ruling because there was no record of the ruling.  In support of ground one of the PCR petition, PCR counsel argued "the [c]ourt was incorrect in [granting the state's motion in limine] and you should reconsider that, and that's a new trial issue" that "fits all the elements of . . . the Rules of Evidence . . . ."  J.A. at 442.  PCR counsel reiterated, "I think the [c]ourt erred, respectfully, by not letting it come in in the first place."  J.A. at 444.  The circuit court asked, "[h]ow does this fit within Rule 37?"  J.A. at 445.  PCR counsel responded, "[i]f necessary I'll amend [the PCR petition] with leave of the Court . . . to say it's a straight process issue because now we know why it wasn't appealed, there was no record on it."  Id.  In resistance, the state argued that evidence of Douglas' propensity was irrelevant given that Rainer's defense was accident and not self defense.

Noting Rainer's trial and appellate counsel did an "excellent job defending" Rainer, J.A. at 449, the circuit court concluded that trial counsel had not been "ineffective for not appealing my [motion in limine] ruling, even had there been a record because frankly the [Arkansas] Supreme Court and the [Arkansas] Court of Appeals on those kinds of issues give such deference to the trial court."  J.A. at 447.  The circuit court surmised that "*if* [trial counsel] made a mistake it was in not renewing the motion after I've heard the testimony where it's in my mind where I could properly weigh it."  J.A. at 449 (emphasis added).  The circuit court then speculated, "I have to believe that had the motion been made on the record and it had been fresh on my mind, I don't know for certain that I would have allowed it in

evidence. I don't know for certain because I would have wanted a lot of details . . . ." J.A. 448. The circuit court reasoned, "I am not saying that every one of those things should come into evidence because at this point I don't know enough of the details. But at the very least the prior incident between the two, I would have allowed into evidence had it been fresh on my mind and it had not been presented in the way that it was presented." J.A. at 449-50. The circuit court announced from the bench, "[a]nd so for all of those reasons I'm granting the motion for a new trial." J.A. at 450. The circuit court asked Rainer's PCR counsel to prepare an order.

Within an hour of the hearing, the following written order on the Rule 37 petition was filed:

> The Rule 37.1 petition came on for hearing today, July 22, 2013, and the court makes the following findings of fact and conclusions of law:
> 1. No proper record was made of the motion in limine where evidence was ruled out in a pretrial conference in chambers about a year before trial. That violates Administrative Order No. 4 because the court had a duty to have it on the record. No lawyer requested it be on the record.
> 2. By agreement of the parties, the record was supplemented at the hearing with the testimony of defense counsel, the prosecutor, and the recollections of the court. This was a de fact [sic] "bystanders's affidavit" where the court heard about three other incidents, one of which involved the alleged victim stabbing the defendant where he was hospitalized. There is a dispute, but it appears that he requested the state not to prosecute her for that.
> 3. At the conclusion of the state's case, the motion should have been renewed because the context was more apparent, and the court likely would have granted it.
> 4. The testimony about the alleged victim having a propensity to use knives and to have previously stabbed defendant, too, on balance was probably more relevant than prejudicial and likely would have come in under [Arkansas Rule of Evidence] 403. (In any

retrial, the scope of other such evidence is subject to review at retrial.)

5. Defendant argues that this denied him due process and a fair trial in violation of the constitutions. Rule 37.1(a)(i).

6. The testimony in the case was close, and the court almost granted a directed verdict, but did not.

7. As a result, the court finds the defendant was denied a fair trial *on Ground No. 1*, and a new trial is granted. Rule 37.4.

8. Ground 2 is moot.

J.A. at 411-12 (emphasis added). Ground one was Rainer's claim for ineffective assistance of counsel *for not appealing* the circuit court's ruling in limine disallowing evidence of Douglas' two assault cases that involved knives.

The state appealed, arguing the circuit court's grant of a new trial was clearly erroneous because it was based on a reconsidered evidentiary ruling, not on ineffective assistance of counsel, which was the ground argued in Rainer's petition. The state asserted that a petitioner seeking PCR on an ineffective assistance claim must show that counsel could have made a successful argument, such that the fact-finder's decision would have been different. Rainer resisted, arguing the grant of a new trial was proper on two bases. First, "[t]he lack of any proper record of the [circuit] court's pretrial ruling on the state's motion in limine violated due process and Administrative Order No. 4 and rendered the judgment void." J.A. at 630. Second, "[t]rial counsel's failure to request reconsideration of, or make a record on, the circuit court's ruling on the state's motion in limine was ineffective assistance of counsel." J.A. at 636. In reply, the state challenged Rainer's attempt to transform the requested relief in his Rule 37 petition—ineffective assistance of counsel for not appealing the motion in limine ruling—into relief based on due process grounds. The state further argued that unrecorded pretrial rulings and challenges to evidentiary rulings are insufficient bases to void a judgment.

With three justices dissenting, the Arkansas Supreme Court reversed the circuit court's grant of a new trial. State v. Rainer, 440 S.W.3d 315, 317 (2014). After recounting Rainer's trial, direct appeal, and PCR proceedings, the supreme court established that the circuit court's oral and written Rule 37 rulings on Rainer's ineffective assistance of counsel claim were reviewed under the two-prong standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).[4] State v. Rainer, 440 S.W.3d at 317-20. The supreme court stated that an ineffective assistance of counsel claim premised on failing to make a motion or an argument requires a showing "that the motion or argument would have been meritorious because the failure to make an argument that is meritless is not ineffective assistance of counsel." Id. at 320 (quoting Mitchell v. State, No. CR 11-1204, 2012 WL 1950257, at *4 (Ark. May 31, 2012)). The supreme court noted that at trial, the circuit court excluded evidence of Douglas' prior bad acts involving knife violence, but after the Rule 37 hearing, the circuit court ruled specific instances of Douglas' prior bad acts may have come in under Arkansas Rule of Evidence 403. Id. at 320. The supreme court observed, "[t]he circuit court's decision to grant Rainer a new trial was based, in part, on its determination that the evidentiary ruling made at trial was erroneous." Id.

The supreme court explained that "proof of a victim's character by specific instances of conduct is admissible in cases in which character or a trait of character is an essential element of a charge, claim or defense," id. (citing Solomon v. State, 913 S.W.2d 288, 292 (1996)), but the "character trait must be 'an operative fact which under substantive law determines the rights and liabilities of the parties,'" id. at 321 (quoting McClellan v. State, 570 S.W.2d 278, 280 (Ark. 1978)). Because Rainer sought to use evidence of Douglas' prior knife violence circumstantially as proof of accident and not as evidence on a direct substantive issue, the evidence was properly

[4]Under Strickland, a petitioner asserting ineffective assistance of counsel claims must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense, that is, counsel's errors were so serious the petitioner was deprived a fair trial. Strickland, 466 U.S. at 687.

excluded. Id. The supreme court discounted the circuit court's supposition that it might have ruled differently had trial counsel renewed the issue as being "of no moment." Id. The supreme court clarified that the proper standard is whether the argument or issue would have been meritorious, and because evidence of Douglas' prior conduct was not relevant to Rainer's defense of accident, "the circuit court clearly erred in concluding otherwise in its order granting Rainer's postconviction petition." Id.

Regarding the assertion that trial counsel was ineffective for failing to renew the objection to the motion in limine ruling, the supreme court reasoned there was no requirement to do so in order to preserve the issue for appeal. Id. at 322 (citing Neal v. State, 898 S.W.2d 440 (Ark. 1995)). Accordingly, "[t]rial counsel's decision not to renew his objection to the motion in limine during Rainer's trial did not fall below an objective standard of reasonableness, and was not deficient under the first Strickland prong." Id. (internal citation omitted).

The supreme court next addressed Rainer's contention, raised for the first time at the Rule 37 hearing, that by not appealing the circuit court's failure to record the motion in limine hearing, trial counsel was ineffective, which constituted a due process violation. Id. The court first explained that Rule 37 generally does not provide a remedy for an issue that could have been raised at trial or on appeal, but there is an exception for errors that are so fundamental as to render the judgment of conviction void and subject to collateral attack. Id. (citing Rowbottom v. State, 13 S.W.3d 904 (Ark. 2000)). Noting examples of fundamental error—such as double jeopardy, deprivation of a twelve-person jury, lack of jurisdiction to try the accused, prosecution's reference to the defendant's failure to testify, and acceptance of a plea from a defendant proceeding without counsel—the supreme court held that a trial court's erroneous ruling on the admissibility of evidence did not fall within this exception, should be raised at trial or on direct appeal, and could not be raised for the first time in a Rule 37 petition. Id. at 322-23 (citing Green v. State, No. CR-13-517,

2013 WL 5968933, at *4 (Ark. Nov. 7, 2013) (unpublished per curiam)). The court added that "[a]ssertions of trial error, even those of constitutional dimension, must be raised at trial and on appeal." Id. at 323 (quoting Watson v. State, No. CR 11-148, 2012 WL 234634, at *1 (Ark. Jan. 26, 2012) (unpublished per curiam)).

Next, the supreme court rejected Rainer's assertion his trial counsel could not have raised the circuit court's failure to record the motion in limine hearing on direct appeal. Id. ("Arkansas Rule of Appellate Procedure—Civil 6 allows the appellant to prepare a statement of the evidence or proceedings from the best means available, including his recollection, if no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable."). Even if the issue could not have been raised on direct appeal, Rainer could not have shown prejudice from trial counsel's decision not to raise the issue, because "specific instances of conduct are admissible only in cases in which character or a trait of character is an essential element of a charge, claim or defense." Id.; see also Solomon, 913 S.W.2d at 292 (affirming the exclusion of testimony regarding the victim's prior violent conduct toward the defendant, holding the defendant failed to meet the admissibility standard under Ark. R. Evid. 405(b) "because the victim's violent character was not an essential element of the murder charge or of his defense of accident"). The supreme court added, "Where a defendant is claiming accident, specific instances of the victim's character for violence are simply irrelevant and inadmissible." Rainer, 440 S.W.3d at 323. The supreme court concluded Rainer could not "show that the circuit court erred in its ruling or that the evidentiary ruling would have been sufficient to merit appellate relief," adding, furthermore, "[t]he circuit court recognized that trial counsel was not ineffective for failing to appeal the ruling on the State's motion in limine." Id. at 323-24, 324 n.5.

The supreme court also disposed of Rainer's contention that on due process grounds he was entitled to a new trial based on the circuit court's failure to record the motion in limine hearing stating, "[w]here the existing record is sufficient to permit

a review for errors prejudicial to the rights of the appellant, this court will not order a new trial." Id. at 324. (citing Scott v. State, 139 S.W.3d 511, 515 (Ark. 2003)). To provide Rule 37 relief on an issue not raised at trial or on direct appeal, "the error alleged must be so fundamental as to render the judgment of conviction void and subject to collateral attack," but that was not the circumstance in this case. Id. Rather, the record had "already been properly supplemented in order to recreate the motion in limine hearing, and reflects that Rainer suffered no prejudice as a result of the circuit court's ruling." Id.

As a final point, the supreme court held it would not reach Rainer's second ground for relief regarding the serious violent offender designation because the circuit court, having found it moot, did not rule on the issue. Id.; see also Strain v. State, 423 S.W.3d 1, 6 (Ark. 2012) (per curiam) ("[T]his court cannot rule on issues where the circuit court fails to provide a ruling.").

## C.    Section 2254 Proceedings

Rainer filed a petition for habeas corpus against Wendy Kelley, Director of the Arkansas Department of Corrections (the Director), asserting five grounds for relief. As ground four, Rainer asserted he was denied the opportunity to put on a complete defense, in violation of his right to due process. The magistrate judge issued proposed findings and recommendations (R&R), see 28 U.S.C. § 636(c), recommending that the district court deny the first, second, third, and fifth grounds for relief, and ordered further briefing on the fourth ground. No objections were filed, and the district court adopted the R&R.

After further briefing, the magistrate judge entered a second R&R recommending the court deny relief on the fourth ground, finding the Arkansas Supreme Court's decision reversing the circuit court was entitled to deference and that because the Arkansas Supreme Court did not unreasonably apply federal law, Rainer's underlying due process claim lacked merit. Rainer v. Kelley, 5:15-cv-

-10-

00153-BSM-JTK, 2015 WL 9948257, at *3-4 (E.D. Ark. Dec. 23, 2015). The district court adopted the R&R and denied the petition but granted a certificate of appealability on the fourth ground. Rainer v. Kelley, 5:15-cv-00153-BSM-JTK, 2016 WL 409704, at *1 (E.D. Ark. Feb. 2, 2016). This appeal followed.

## II. DISCUSSION

When considering the denial of a habeas petition, "we review the district court's findings of fact for clear error and its conclusions of law de novo." Forrest v. Steele, 764 F.3d 848, 853 (8th Cir. 2014) (quoting Middleton v. Roper, 455 F.3d 838, 845 (8th Cir. 2006)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254(d), "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas retrials and to ensure state-court convictions are given effect to the extent possible under law." Id. (quoting Abernathy v. Hobbs, 748 F.3d 813, 816 (8th Cir. 2014)). AEDPA limits our grant of habeas to instances in which the state's adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Cole v. Roper, 783 F.3d 707, 710 (8th Cir. 2015) (alteration in original) (quoting Williams v. Taylor, 529 U.S. 362, 411 (2000)). Moreover, the decision of a state court "may

-11-

be incorrect, yet still not unreasonable, and we will grant relief only if the state court decision is both incorrect *and* unreasonable." Id. (quoting Cole v. Roper, 623 F.3d 1183, 1187 (8th Cir. 2010)).

On appeal, Rainer argues the Arkansas Supreme Court's ruling that Arkansas Rule of Evidence 405 prohibited Rainer from admitting evidence of Douglas' prior stabbing incidents prevented him from presenting a full and complete defense and, therefore, violated Rainer's right to due process. Rainer also argues failure to raise this due process claim was ineffective assistance by Rainer's trial and appellate counsel. The Director resists, arguing Rainer did not challenge the Arkansas Supreme Court's ruling on the exclusion of evidence of Douglas' propensity on the basis that it violated his right to due process because it prevented him from putting on a complete defense. The Director further argues that since that issue was not before the district court, it is not preserved for appellate review; but even if it had been preserved, it is meritless. The Director similarly argues that Rainer's ineffective assistance of counsel claim based on a failure to raise a due process violation claim at trial or on appeal was similarly not before the district court and therefore is not properly before this court on review. Again, the Director argues even if the claim were properly before this court, it is meritless. Finally, the Director argues on de novo review this court can find Rainer's claims are meritless.

As an initial matter, we point out that Rainer's basis for PCR has repeatedly shifted without formality or amendment. The pivotal shift occurred at the Rule 37 hearing before the circuit court when Rainer's claim for ineffective assistance of trial and appellate counsel for not *appealing* the circuit court's ruling on the state's motion in limine transformed into an argument that the circuit court's allegedly incorrect evidentiary ruling deprived Rainer of a fair trial. The circuit court questioned PCR counsel as to how relief based upon this alleged error fit within Rule 37. PCR counsel asserted that "[i]f necessary I'll amend [the petition] with leave of the Court . . . to say it's a straight process issue because now we know why it wasn't appealed,

there was no record on it." J.A. at 445. After reciting its recollection of events at Rainer's trial, the circuit court then announced that trial counsel had not been "ineffective for not appealing my [motion in limine] ruling," but "*if* [trial counsel] made a mistake it was in not *renewing* the motion after I've heard the testimony where it's in my mind where I could properly weigh it." J.A. at 447, 449 (emphasis added). The circuit court then surmised that it "would have at least allowed in the prior incident involving [Douglas and Rainer]," and then made its oral ruling, stating, "for all of those reasons I'm granting the motion for a new trial." J.A. at 450. In its written order, however, the circuit court stated relief was granted on ground one of the petition—ineffective assistance of counsel for not appealing the motion in limine ruling. J.A. at 411. PCR counsel never formally amended the petition to add a "straight process" claim. On state appellate review, PCR counsel raised an additional due process claim, alleging the circuit court's failure to record the ruling in limine violated an administrative rule and deprived Rainer of his right to due process. PCR counsel also alleged ineffective assistance of counsel for failing to request reconsideration of, or make a record on, the motion in limine ruling.

On ground four of his § 2254 petition, Rainer attempted to disentangle his due process argument from his ineffective assistance of counsel claim, which was the basis upon which the circuit court granted relief. In ground four, Rainer asserted he was denied the opportunity to put on a complete defense, in violation of the due process clause of the Fourteenth Amendment. In his reply brief in this appeal, however, Rainer asserts his "ineffective assistance and due process claims are separate but intertwined," and although his ineffective assistance claim requires a finding of a due process violation, the court could find a due process violation even if counsel was not ineffective. Reply 1. Mindful of this evolving framework, we review the district court's denial of Rainer's petition.

In the second R&R, the magistrate judge rejected Rainer's contention that the Arkansas Supreme Court's decision was not entitled to deference because it did not

address his due process claim. Rainer v. Kelley, 2015 WL 9948257, at *1. The magistrate judge recommended denying Rainer's fourth ground for relief. Id. The magistrate judge observed that the supreme court's opinion "mentions the claim, but analyzes it as an ineffective assistance of trial counsel claim for failing to renew the motion in limine either during trial or in a motion for a new trial." Rainer v. Kelley, 2015 WL 9948257, at *2. The magistrate judge further stated, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits," and that only in "unusual" and limited circumstances can this presumption be rebutted. Id. at *3 (quoting Johnson v. Williams, 568 U.S. 289, 301, 302 (2013)). The magistrate judge concluded Rainer did not rebut the presumption, reasoning the supreme court's mention of the claim "shows that the supreme court at least potentially considered it," and therefore deference is required. Id. The district court adopted the R&R in all respects. Rainer v. Kelley, 2016 WL 409704. We agree that the Arkansas Supreme Court's decision is entitled to deference.

The Arkansas Supreme Court not only mentions Rainer's "straight process" claim but acknowledges PCR counsel's oral amendment adding the claim at the Rule 37 hearing. See State v. Rainer, 440 S.W.3d at 319 ("*Rainer then orally amended his petition* to say 'it's a straight process issue because now we know why it wasn't appealed, there was no record on it.'" (emphasis added)). However, the circuit court granted Rainer's Rule 37 petition on ground one, which was an ineffective assistance of counsel claim, and thus that was the claim before the Arkansas Supreme Court on appeal. Although Rainer acknowledges in his Reply on this appeal, his "ineffective assistance and due process claims are separate but intertwined," Reply 1, Rainer faults the Arkansas Supreme Court for considering this intertwined argument as it was presented on appeal. Whether or not Rainer maintained a due process claim entirely independent of his ineffective assistance claim, Rainer did not rebut the presumption that the Arkansas Supreme Court's decision adjudicated his due process claim on the merits, and the decision is therefore entitled to deference. See §

-14-

2254(d)-(e); <u>Nash v. Russell</u>, 807 F.3d 892, 897 (8th Cir. 2016) (recognizing the deferential AEDPA standard, noting this court will "take 'only a limited and deferential review of underlying state court decisions'" (quoting <u>Worthington v. Roper</u>, 631 F.3d 487, 495 (8th Cir. 2011))).

We further hold that the district court, through the adoption of the second R&R, properly applied the deferential AEDPA standard of review to Rainer's due process claim, concluding "the Arkansas Supreme Court did not unreasonably apply the United States Supreme Court precedent." <u>Rainer v. Kelley</u>, 2015 WL 9948257, at *4. Under Arkansas' rules of evidence, proof of a victim's character is admissible "in cases in which character or a trait of character is an essential element of a charge, claim or defense." <u>State v. Rainer</u>, 440 S.W.3d at 320-21. Rainer's defense was accident, not self-defense. In holding the exclusion of evidence regarding Douglas' prior assaults with knives did not violate Rainer's right to due process, the Arkansas Supreme Court found Rainer's evidence of Douglas' character was not an essential element of his accident defense, and therefore was not admissible. <u>Id.</u> The supreme court went on to reason that because the exclusion of evidence was proper, Rainer's trial and appellate counsel could not have been ineffective for not renewing objections to the exclusion of that evidence, and thus Rainer's right to due process was not violated. <u>Id.</u> at 323-24.

Moreover, exclusion of evidence regarding Douglas' prior assaults with knives did not prevent Rainer from presenting his defense of accident. The trial transcript reveals the officers responding to Douglas' 911 call each testified that Rainer stated Douglas tripped and fell on the knife. <u>See, e.g.</u>, J.A. at 94, 98, 99. Rainer can be heard in the background of Douglas' recorded 911 call, which was played for the jury, saying Douglas fell on a knife. J.A. at 202. Nor would evidence of Douglas' prior assaults using knives have been relevant to counter evidence the state presented to prove its case against Rainer, which included the medical examiner's testimony that Douglas' wound was inconsistent with falling on the knife, J.A. at 134-36; that

Douglas' blood was found throughout the apartment, not only in the hallway where Rainer alleged Douglas fell, J.A. at 91-92, 97, 101, 110-11, 119-20; and that Rainer's blood was found on the knife, J.A. at 92-93. In addition, an Arkansas State Crime Laboratory analyst testified that Rainer's thumb print was found on the knife. J.A. at 141. The issue before this court is whether the decision of the Arkansas Supreme Court on the question of whether Rainer was deprived of the right to a fair trial and denied due process "was contrary to, or an unreasonable application of, clearly established federal law." See Williams v. Roper, 695 F.3d 825, 831 (8th Cir. 2012). Applying that standard, we conclude it was not; therefore, Rainer is not entitled to relief.

To the extent Rainer's intertwined claim for ineffective assistance of counsel for failing to renew objections to the circuit court's exclusion of evidence ruling is properly before this court on appeal, the claim must be denied. The evidence was properly excluded under Arkansas law, and therefore counsel could not have been ineffective for failing to renew the issue or raise it on appeal. See Dodge v. Robinson, 625 F.3d 1014, 1019 (8th Cir. 2010) (finding counsel's failure to raise a meritless claim at trial could not constitute ineffective assistance).

## III.    CONCLUSION

For the foregoing reasons, we affirm the denial of Rainer's petition for writ of habeas corpus.

_____